**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

|  |  |  |
|---|---|---|
| DAVID BOVERI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:19-cv-50226 |
| - v - | ) | |
| | ) | Hon. Sara L. Ellis |
| CONSENSYS, INC., | ) | |
| | ) | **ANSWER** |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

Defendant ConsenSys, Inc., by its attorneys Davis Wright Tremaine LLP and Williams,

Bax and Saltzman, P.C., states as follows for its answer to the Complaint:

1.      Defendant denies the allegations contained in paragraph 1 of the complaint.

2.      Defendant denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 2 of the Complaint, except admits that Plaintiff's

name is David Boveri.

3.      Defendant admits the allegations contained in paragraph 3 of the Complaint and,

further answering, clarifies that it maintains an office in Kings County, New York, among

several office locations throughout the United States.

4.      Defendant denies the allegations contained in paragraph 4 of the Complaint.

5.      Defendant admits the allegations contained in paragraph 5 of the Complaint.

6.      Defendant denies the allegations contained in paragraph 6 of the Complaint.

7.      Defendant denies the allegations contained in paragraph 7 of the Complaint

(inclusive of sub-parts), except admits that: Defendant is not a governmental agency, Plaintiff

filed a charge with the U.S. Equal Employment Opportunity Commission ("EEOC") on or about March 12, 2019, and Plaintiff attached a copy of his charge to the Complaint.

8.      Defendant denies the allegations contained in Paragraph 8 of the Complaint (inclusive of sub-parts), denies knowledge or information sufficient to form a belief as to the allegation that Plaintiff received the EEOC's Dismissal and Notice of Right to Sue on June 14, 2019, and, further answering, avers that the EEOC's Dismissal and Notice of Right to sue is dated June 6, 2019.

9.      Defendant denies the allegations contained in paragraph 9 of the Complaint (inclusive of sub-parts).

10.      Defendant denies the allegations contained in paragraph 10 of the Complaint.

11.      Defendant denies the allegations contained in paragraph 11 of the Complaint and, further answering, refers the Court to the text of the statutes and codes cited therein.

11.1      Defendant denies the allegations contained in paragraph 11.1 of the Complaint.

### COUNT I
### Violation of Title I of the Americans with Disabilities Act, 42 U.S.C. §12112

11.2      Defendant restates, realleges, and reincorporates all of its above responses in paragraphs 1 through 11.1, as if set forth fully herein.

11.3      Defendant denies the allegations contained in paragraph 11.3 of the Complaint and, further answering, avers that all but one member of Plaintiff's former project team were laid off as part of Defendant's restructuring in 2018.

11.4      Defendant denies the allegations contained in paragraph 11.4 of the Complaint, and refers the Court to the Americans with Disabilities Act ("ADA") for a complete and accurate statement of its language.

11.4.a  Defendant denies the allegations contained in paragraph 11.4.a of the Complaint and, further answering, avers that Plaintiff did not disclose any alleged disability to or request an accommodation from Defendant at any time before or during his employment.

11.4.b  Defendant denies the allegations contained in paragraph 11.4.b of the Complaint (inclusive of subparts) and, further answering, avers that Plaintiff did not disclose any alleged disability to or request an accommodation from Defendant at any time before or during his employment.

11.4.c  Defendant denies the allegations contained in paragraph 11.4.c of the Complaint and, further answering, avers that Plaintiff did not disclose any alleged disability to or request an accommodation from Defendant at any time before or during his employment.

11.5     Defendant denies the allegations contained in paragraph 11.5 of the Complaint, and refers the Court to the 42 U.S.C. § 12112(b)(5)(b) and 29 CFR § 1630.14 for a complete and accurate statement of their language.

## COUNT II
**Violation of the Fair Labor Standards Act, 29 CFR Subpart B, §§ 778.100 – 778.106**

11.6     Defendant denies the allegations contained in paragraph 11.6 of the Complaint.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS
### A. Background Factual Allegations

12.     Defendant denies the allegations contained in paragraph 12 of the Complaint (inclusive of sub-parts).

12.1     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.1 of the Complaint.

12.2     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.2 of the Complaint and, further answering,

3

avers that Plaintiff has not applied for any vacant positions with Defendant since the termination of his internship on December 6, 2018. Further answering, Defendant refers the Court to the ADA for a complete and accurate statement of its language.

12.3    Defendant denies the allegations contained in paragraph 12.3 of the Complaint.

12.4    Defendant denies the allegations contained in paragraph 12.4 of the Complaint.

### B.  Interview with Defendant's DC Labs and Initial Job Offer

12.5    Defendant denies the allegations contained in paragraph 12.5 of the Complaint.

12.6    Defendant denies the allegations contained in paragraph 12.6 of the Complaint.

12.7    Defendant denies the allegations contained in paragraph 12.7 of the Complaint.

12.8    Defendant denies the allegations contained in paragraph 12.8 of the Complaint.

### C.  Disclosure of Disability Leads to Withdrawal of Job Offer

12.9    Defendant denies the allegations contained in paragraph 12.9 of the Complaint.

12.10   Defendant denies the allegations contained in paragraph 12.10 of the Complaint.

12.11   Defendant denies the allegations contained in paragraph 12.11 of the Complaint.

12.12   Defendant denies the allegations contained in paragraph 12.12 of the Complaint.

12.13   Defendant denies the allegations contained in paragraph 12.13 of the Complaint.

12.14   Defendant denies the allegations contained in paragraph 12.14 of the Complaint, except admits that it offered Plaintiff an internship, and that Defendant offered Plaintiff an hourly wage in exchange for work performed during his internship.

### D.  Accepted Position for a Department That No Longer Existed

12.15   Defendant denies the allegations contained in paragraph 12.15 of the Complaint and, further answering, avers that Plaintiff did not disclose any alleged disability to or request an accommodation from Defendant at any time before or during his employment.

4

12.16   Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.16 of the Complaint, except admits that Plaintiff's internship with Defendant began on June 6, 2018.

12.17   Defendant denies the allegations contained in paragraph 12.17 of the Complaint.

12.18   Defendant denies the allegations contained in paragraph 12.18 of the Complaint.

12.19   Defendant denies the allegations contained in paragraph 12.19 of the Complaint and, further answering, clarifies that neither "DC Labs" nor "DC Solutions" were separate legal entities from Defendant, and that Plaintiff's internship was with Defendant.

### E.  Disparate Treatment: Instructed to Act as a Full-Time Employee

12.20   Defendant denies the allegations contained in paragraph 12.20, and refers the Court to Plaintiff's offer letter for a complete and accurate statement of its language.

12.21   Defendant denies the allegations contained in paragraph 12.21 of the Complaint, and refers the Court to 29 CFR Subpart B, §§ 778.100 – 778.106 for a complete and accurate statement of their language.

12.22   Defendant denies the allegations contained in paragraph 12.22 of the Complaint.

### F.  Disparate Treatment: Denied Promotion Offered to Non-Disabled Employee

12.23   Defendant admits the allegations contained in paragraph 12.23 of the Complaint and, further answering, clarifies that its offer to extend Plaintiff's internship to December 14, 2018 was made on August 13, 2018.

12.24   Defendant denies the allegations contained in paragraph 12.24 of the Complaint.

12.25   Defendant denies the allegations contained in paragraph 12.25 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation about who – if anyone – he met in or around September 2018.

12.26   Defendant denies the allegations contained in paragraph 12.26 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation about who – if anyone – he met on or about September 19, 2018.

12.27   Defendant denies the allegations contained in paragraph 12.27 of the Complaint.

### G.  End of Employment at ConsenSys

12.28   Defendant denies the allegations contained in paragraph 12.28 of the Complaint.

12.29   Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.29 of the Complaint.

12.30   Defendant denies the allegations contained in paragraph 12.30 of the Complaint.

12.31   Defendant denies the allegations contained in paragraph 12.31 of the Complaint, except admits that on December 1, 2018, it sent an email to seven individuals asking which, if any team(s), they had been allocated to.  Further answering, Defendant refers the Court to its December 1, 2018 email and Plaintiff's December 5, 2018 response for a complete and accurate statement of their language.

12.32   Defendant denies the allegations contained in paragraph 12.32 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff attended the ConsenSys 2.0 meeting held on December 3, 2018.

12.33   Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.33 of the Complaint.

12.34   Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.34 of the Complaint.

12.35   Defendant denies the allegations contained in paragraph 12.35 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the

allegation that Plaintiff scheduled and/or attended a video conference with Defendant's Human Resources personnel on December 5, 2018.

12.36   Defendant admits that it terminated Plaintiff's internship on December 6, 2018 and, further answering, avers that all individuals subject to Defendant's reduction in force related to ConsenSys 2.0 were offered the opportunity to meet with one of Defendant's People Partners.

### H.  Events After Termination of Employment

12.37   Defendant denies the allegations contained in paragraph 12.37 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning his post-internship conversations with former employees.

12.38   Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.38 of the Complaint.

12.39   Defendant admits the allegations contained in paragraph 12.39 of the Complaint.

12.40   Defendant denies the allegations contained in paragraph 12.40 of the Complaint, except admits that it filed a position statement with the EEOC on or about April 25, 2019.

12.41   Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.41 of the Complaint.

12.42   Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.42 of the Complaint.

12.43   Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.43 of the Complaint.

12.44   Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.44 of the Complaint.

12.45    Defendant denies that Plaintiff has suffered any harm as a result of the actions or inaction of Defendant, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.45 of the Complaint.

13.    Defendant denies the allegations contained in paragraph 13 of the Complaint.

14.    Defendant denies the allegations contained in paragraph 14 of the Complaint.

15.    Paragraph 15 of the Complaint contains no allegations of fact, thus no response is required.

16.    Defendant denies that Plaintiff is entitled to any relief whatsoever, including each and every form of relief requested in paragraph 16 of the Complaint (inclusive of sub-parts).

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant denies that Plaintiff is entitled to any relief whatsoever, including the specific relief requested in paragraph 16 of the Complaint (inclusive of sub-parts).

16.A    Defendant denies that Plaintiff is entitled to any relief whatsoever.

16.B    Defendant denies that Plaintiff is entitled to any relief whatsoever.

16.C    Defendant denies that Plaintiff is entitled to any relief whatsoever.

16.D    Defendant denies that Plaintiff is entitled to any relief whatsoever.

16.E    Defendant denies that Plaintiff is entitled to any relief whatsoever.

16.F    Defendant denies that Plaintiff is entitled to any relief whatsoever.

16.G    Defendant denies that Plaintiff is entitled to any relief whatsoever.

## DEFENSES

The statement of any defense hereafter does not assume the burden of proof for any issue as to which applicable law places the burden on Plaintiff.

### FIRST SEPARATE DEFENSE

8

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## SECOND SEPARATE DEFENSE

The Complaint is barred, in whole or in part, by the applicable statute of limitations.

## THIRD SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, by virtue of his own conduct.

## FOURTH SEPARATE DEFENSE

The Complaint is barred, in whole or in part, by the doctrines of laches, estoppel and waiver.

## FIFTH SEPARATE DEFENSE

If Plaintiff has suffered damages, which Defendant expressly denies, upon information and belief, Plaintiff has failed to make reasonable and diligent efforts to mitigate his damages.

## SIXTH SEPARATE DEFENSE

Defendant's actions with respect to Plaintiff were taken solely for legitimate, non-discriminatory reasons and/or for good cause unrelated to Plaintiff's alleged disability, alleged accommodation request, alleged leave of absence, or any other unlawful grounds.

## SEVENTH SEPARATE DEFENSE

At all relevant times, including before the allegations that form the basis of Plaintiff's claims, Defendant had established and complied with policies, programs, and procedures for the detection, prevention and remediation of unlawful employment practices.

## EIGHTH SEPARATE DEFENSE

If Plaintiff is able to prove discrimination, which Defendant denies, Defendant reserves its right to assert a mixed-motive defense.

### NINTH SEPARATE DEFENSE

Plaintiff failed to timely file the Complaint following his receipt of the EEOC's Notice of Right to Sue.

### TENTH SEPARATE DEFENSE

If and to the extent that any action taken with respect to Plaintiff was motivated by an impermissible consideration, which Defendant expressly denies, Defendant would have taken the same action for lawful, non-discriminatory reasons.

### ELEVENTH SEPARATE DEFENSE

Plaintiff is not entitled to punitive damages because Defendant's conduct was not motivated by evil motive or intent, nor was Defendant's conduct in reckless indifference to the federally protected rights of Plaintiff. To the extent that any of Defendant's agents acted with such evil motive or intent, or reckless indifference to the federally protected rights of Plaintiff, which Defendant expressly denies, such actions were contrary to Defendant's good-faith efforts to enforce its anti-discrimination and reasonable accommodation policies.

### TWELFTH SEPARATE DEFENSE

To the extent that Plaintiff seeks to recover damages from Defendant for personal injuries, emotional distress, and/or mental anguish incurred in the course of or arising out of his employment with Defendant, such recovery is barred by the exclusive remedy provisions of the Illinois Workers' Compensation Act.

### THIRTEENTH SEPARATE DEFENSE

Although Defendant maintained a policy in connection with requests for accommodation of disabilities, Plaintiff did not request an accommodation for his alleged disability in accordance with that policy.

### FOURTEENTH SEPARATE DEFENSE

With or without a reasonable accommodation, and regardless of whether Plaintiff suffers from a disability, Plaintiff's internship would have ended by no later than December 14, 2018.

### FIFTEENTH SEPARATE DEFENSE

Defendant terminated the employment of individuals who neither reported disabilities, requested accommodations, nor were perceived as being disabled as part of its December 6, 2018 reduction in force.

### SIXTEENTH SEPARATE DEFENSE

Plaintiff did not disclose his purported disability at any time prior to the end of his internship with Defendant.

### SEVENTEENTH SEPARATE DEFENSE

Plaintiff did not request an accommodation of a purported disability at any time.

### EIGHTEENTH SEPARATE DEFENSE

Defendant did not perceive Plaintiff as disabled at any time prior to its decision to include Plaintiff in its December 6, 2018 reduction in force.

### NINETEENTH SEPARATE DEFENSE

Defendant did not require Plaintiff to perform work during any leave of absence.

### TWENTIETH SEPARATE DEFENSE

Defendant paid Plaintiff all wages to which he was entitled under applicable law.

### TWENTY-FIRST SEPARATE DEFENSE

Plaintiff did not work more than 40 hours in any week.

### TWENTY-SECOND SEPARATE DEFENSE

Plaintiff never reported to Defendant that he had worked more than 40 hours in a week.

### TWENTY-THIRD SEPARATE DEFENSE

Plaintiff does not allege any specific week during which he purports to have worked more than 40 hours.

### TWENTY-FOURTH SEPARATE DEFENSE

Plaintiff does not allege any specific number of hours that he worked during any given week.

### TWENTY-FIFTH SEPARATE DEFENSE

The Complaint or any relief sought by Plaintiff is barred, in whole or in part, by such additional defenses as Defendant may have that cannot now be articulated due to the generality of Plaintiff's pleadings and the fact that discovery has not yet commenced.  Accordingly, Defendant reserves the right to supplement the foregoing and to raise additional defenses as the case progresses.

**WHEREFORE**, defendant ConsenSys, Inc. respectfully requests that the Complaint be dismissed with prejudice and that it be awarded its costs, including reasonable attorneys' fees, along with such other and further relief as the Court may deem just and proper.

Dated:  November 27, 2019

Respectfully submitted,

By:  /s/ Kerry E. Saltzman
     Kerry E. Saltzman (ARDC No. 6191194)
     Aaron W. Chaet (ARDC No. 6299264)
     WILLIAMS, BAX & SALTZMAN, P.C.
     Attorneys for Defendant
     221 N. LaSalle, Suite 3700
     Chicago, IL 60601
     (312) 372-3311

13

Laura Sack (admission *pro hac vice* pending)
Scott M. Cooper (admission *pro hac vice* pending)
DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendant
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
(212) 489-8230

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on this 27th day of November, 2019, he caused true and correct copies of the foregoing Answer to be served on Plaintiff, appearing *pro se*, via the Court's ECF system and by Certified Mail sent to Plaintiff at:

David Boveri
3230 Sycamore Rd.
Suite 168
DeKalb, IL 60115

/s/Aaron W. Chaet
Kerry E. Saltzman (ARDC No. 6191194)
Aaron W. Chaet (ARDC No. 6299264)
WILLIAMS, BAX & SALTZMAN, P.C.
Attorneys for Defendant
221 N. LaSalle St., Ste. 3700
Chicago, IL 60601
(312) 372-3311

Laura Sack (admission *pro hac vice* pending)
Scott M. Cooper (admission *pro hac vice* pending)
DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendant
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
(212) 489-8230

14