**David Boveri v. ConsenSys, Inc., Case No. 3:19-cv-50226**

JOINT INITIAL STATUS REPORT

**\*\*** *As of the time that Defendant filed this Status Report, Plaintiff had either drafted or consented to all sections of same – with the sole exception of Section 6(A). That Section summarizes the parties' discordant positions on a single discovery dispute, as communicated by e-mails exchanged on November 27, 2019. As the Court's deadline for filing the instant Status Report is November 27, and Plaintiff has failed to timely consent, object, or offer revisions to the content in the current version of Section 6(A), infra, Defendant files this Status Report at this time to comply with the Court's deadline, and looks forward to the opportunity to discuss this issue with the Court and Plaintiff during the Initial Conference in this matter scheduled for December 2.*

1. The Nature of the Case:

    A. Identify (names and contact information) for all attorneys of record for each party, including the lead trial attorney.

    **Plaintiff (*pro se*):**

    **David Boveri**
    **3230 Sycamore Rd., Suite 168**
    **DeKalb, IL 60115**
    **daiv.boveri@gmail.com**
    **(847) 461-9235**

    **Defendant:**

    **Kerry E. Saltzman (ARDC No. 6191194)**
    **Aaron W. Chaet (ARDC No. 6299264)**
    **WILLIAMS, BAX & SALTZMAN, P.C.**
    **221 N. LaSalle St., Ste. 3700**
    **Chicago, IL 60601**
    **saltzman@wbs-law.com**
    **chaet@wbs-law.com**
    **(312) 372-3311**

    **Laura Sack (admission *pro hac vice* pending)**
    **Scott Cooper (admission *pro hac vice* pending)**
    **DAVIS WRIGHT TREMAINE LLP**
    **1251 Avenue of the Americas, 21st Floor**
    **New York, NY 10020**
    **laurasack@dwt.com**
    **scottcooper@dwt.com**
    **(212) 489-8230**

B. Briefly describe the nature of the claims asserted in the complaint and any counterclaims and/or third party claims.

**Plaintiff claims that during the spring of 2018, Defendant engaged in hiring and employment discrimination. He claims that Defendant offered a full-time job and rescinded the offer after he disclosed his disability and that he was subsequently offered a lesser position, a short-term internship, as disparate treatment. He also claims Defendant did not properly document this disclosure, and that he was instructed to keep his disability a secret from other employees, including other employees within HR.**

**Plaintiff claims that during the summer and fall of 2018, Defendant explicitly instructed him to conduct himself as if he were a full time employee. This included granting him paid sick leave and time off and Defendant explicitly instructing him to not log overtime hours to simulate having a salary.**

**Throughout the duration of his employment, Plaintiff claims he was also given the responsibilities of a full time employee, far exceeding what is reasonably expected of an intern.**

**Plaintiff claims that during November 2018, Defendant granted him paid sick leave for surgery, but he felt pressured to work when he was on mandatory rest because of his discrimination and that, as a result, he suffered complications and serious pain from his procedure that requires corrective surgery.**

**After being laid off in December 2018, Plaintiff claims that he has suffered continuous pecuniary loss and emotional distress from his discrimination. He also claims he has been unable to take time off work to get corrective surgery because of pecuniary losses, which has led to continued medical symptoms and pain.**

C. Briefly identify the major legal and factual issues in the case.

**Plaintiff alleges discrimination on the basis of – and failure to accommodate – his purported disability(ies), and further alleges that he has suffered damages as a result of same. Plaintiff also alleges that he has suffered damages due to alleged violations of 29 CFR Subpart B, §§ 778.100 – 778.106. Defendant denies any and all wrongdoing, and states that Plaintiff is not entitled to any damages whatsoever.**

D. State the relief sought by any of the parties.

**Plaintiff requests the court order Defendant to grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert**

>  **witness fees. Plaintiff also requests the Court grant such other relief as the Court may find appropriate.**

2. Jurisdiction: Explain why the Court has subject matter jurisdiction over the plaintiff(s)' claim(s).

    A. Identify all federal statutes on which federal question jurisdiction is based

    **Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the ADA by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791; and for the ADEA, 29 U.S.C. § 626(c).**

    B. If jurisdiction over any claims is based on diversity or supplemental jurisdiction:

        (1) State whether/why the amount in controversy exceeds the jurisdictional threshold or whether there is a dispute regarding the amount in controversy (and, if so, the basis of that dispute).

        (2) Identify the state of citizenship of each named party. For unincorporated associations, LLCs, partnerships, and other business entities that are not corporations, the state(s) in which any individual members of the business unit are citizens must be identified.

        **NOTE 1:** Individuals are citizens of the state where they are domiciled; that may or may not be the state where they currently reside. See Heinen v. Northrop Grumman Corp., 671 F.3d 669, 670 (7th Cir. 2012).

        **NOTE 2:** The report must address whether there is diversity in any case in which pendent jurisdiction over state law claims is asserted, so that the Court may exercise informed discretion about whether to resolve such claims in the event that the federal question claims are resolved or dismissed.

3. Status of Service: Identify any defendants that have not been served.

    **The only defendant in the case has been served.**

4. Consent to Proceed Before a United States Magistrate Judge: Confirm that counsel have advised the parties that they may proceed before a Magistrate Judge if they consent unanimously and advise whether there is, or is not, unanimous consent. Do NOT report whether individual parties have so consented.

    **There is <u>not</u> unanimous consent for proceeding before a magistrate judge.**

5. Motions:

    A. Briefly describe any pending motions.

>   **N/A**

   B.   State whether the defendant(s) anticipate responding to the complaint by filing an Answer or by means of motion.

   **Defendant will respond to the Complaint by filing an Answer.**

   **NOTE 3:** If the latter, counsel should be prepared to discuss at the Initial Status Hearing the basis of the anticipated motion.

6. Case Plan:

   A.   For Cases in the Mandatory Initial Discovery Pilot ("MIDP"): Provide a description of the parties' discussion of the mandatory discovery responses required by the MIDP. The report should describe the resolution of any limitations invoked by any party in its response, as well as any unresolved limitations or other discovery issues. The parties shall attach the initial and supplemental responses involved in any unresolved limitations or discovery issues. During the Rule 26(f) conference, the parties should discuss the mandatory initial discovery responses and seek to resolve any limitations they have made or intend to make.

   **\*\* The parties discussed the mandatory responses required by the MIDP, and have identified a limitation on Plaintiff's willingness to execute and return HIPAA-compliant authorizations ("Authorizations") for the release of his medical and mental health records.**

   <u>**Defendant's position**</u> **is that it is entitled to all records related to Plaintiff's medical and mental health care treatment and diagnosis since January 1, 2014, because: (i) Plaintiff's allegations have placed his medical conditions and purported disabilities squarely at issue in this matter (especially because the Complaint seeks "compensation for … medical expense"), and (ii) Plaintiff's claim for damages for,** *inter alia*, **"past and future non-pecuniary losses … including emotional pain, suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life" necessitates Defendant's access to his medical and mental health records to assess the extent and causes of his purported mental suffering, and to prepare a defense in connection with same.**

   **To avoid undue delay in Defendant's ability to obtain necessary documents from third-party medical and mental health care practitioners, Defendant will provide Plaintiff with Authorizations by no later than December 6, 2019, and proposes that Plaintiff return to Defendant executed copies of the Authorizations – for all treating or diagnosing medical and/or mental health care practitioners since January 1, 2014 – by no later than the deadline by which his mandatory discovery responses are required pursuant to the MIDP.**

**Plaintiff's position** is that only those medical records pertaining to the diagnosis and treatment of his disability, and to the other medical issues directly described in the Complaint are relevant. Plaintiff offers to provide the records that he considers relevant, but maintains that his mental health records are not relevant to this case – and he will not produce them – because (i) he did not seek direct treatment for mental health issues and (ii) the complaint does not seek reimbursement for treatment of his mental health issues.

B. Submit a proposal for a discovery plan, including the following information:

(1) The general type of discovery needed;

**Written discovery, third-party discovery, depositions, and likely expert discovery.**

(2) **For Cases Exempt from the MIDP:** A date for Rule 26(a)(1) disclosures;

**N/A**

(3) First date by which to issue written discovery;

**A party may serve written discovery requests as of the first day following that party's service of responses required by the MIDP.**

(4) A fact discovery completion date;

**June 26, 2020**

(5) An expert discovery completion date, including dates for the delivery of expert reports;

**Expert Discovery to be Completed by: September 25, 2020**

**Initial Expert Report(s) Due by: August 12, 2020**

**Rebuttal Expert Report(s) Due by: September 4, 2020**

(6) **For Cases in the MIDP:** A date for final supplementation of the mandatory initial discovery responses; and

**Parties are to seasonably supplement their responses in accordance with MIDP and Federal Rules of Civil Procedure when they learn of previously undisclosed responsive, non-privileged information and documents. The parties will address any disputes in this regard if or when the need arises.**

(7) A date for the filing of dispositive motions.

**August 21, 2020**

C. With respect to trial, indicate the following:

    (1) Whether a jury trial is requested; and

    **Plaintiff has requested a trial by jury.**

    (2) The probable length of trial.

    **3-5 days**

Status of Settlement Discussions:

A. Indicate whether any settlement discussions have occurred;

    **None**

B. Describe the status of any settlement discussions; and

    **N/A**

C. Whether the parties request a settlement conference.

    **Not at this time**

    **NOTE 4:** Do <u>NOT</u> provide the particulars of any demands/offers that have been made.

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on this 27th day of November, 2019, he caused true and correct copies of the foregoing Answer to be served on Plaintiff, appearing *pro se*, via the Court's ECF system and via email:

David Boveri
daiv.boveri@gmail.com

/s/Aaron W. Chaet
Kerry E. Saltzman (ARDC No. 6191194)
Aaron W. Chaet (ARDC No. 6299264)
WILLIAMS, BAX & SALTZMAN, P.C.
Attorneys for Defendant
221 N. LaSalle St., Ste. 3700
Chicago, IL 60601
(312) 372-3311

Laura Sack (admission *pro hac vice* pending)
Scott M. Cooper (admission *pro hac vice* pending)
DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendant
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
(212) 489-8230