**David Boveri v. ConsenSys, Inc., Case No. 3:19-cv-50226**

JOINT COVID-19 STATUS REPORT

Unless the Third General Amended Order 20-0012 specifically exempts a civil case in paragraph 5, the Court orders counsel in all civil cases to file a joint status report by May 18, 2020, using the format below.

1. Discovery:

    A. Briefly describe the status of discovery.

    **The parties have engaged in written discovery – including third-party discovery. However, despite an original deadline of February 24, 2020, Plaintiff's written responses to Defendant's discovery requests are incomplete, and Plaintiff has not produced a single document in this case. Defendant served a discovery deficiency letter on Plaintiff on April 29, 2020; however, Plaintiff has not cured any of the noted deficiencies, despite having acknowledged his obligation to do so. Also, Plaintiff has not produced any documents in accordance with the Court's Standing Order regarding the Mandatory Initial Discovery Pilot Project; any and all responsive documents were due by February 5, 2020.**

    B. Propose an agreed revised discovery schedule if the current schedule needs revision.

    **On December 2, 2019, the Court set June 26, 2020 as the fact discovery end date. The parties request that the fact discovery end date be extended to September 28, 2020. The parties also request that Plaintiff be ordered to produce all information and documents responsive to Defendant's written discovery requests, and all documents that he was required to (but did not) produce in accordance with the Court's Standing Order regarding the Mandatory Initial Discovery Pilot Project, by no later than June 1, 2020.**

    C. If the Court has not entered a discovery schedule, please propose dates for the following:

        1) **For Cases Exempt from the MIDP:** A date for Rule 26(a)(1) disclosures;

        **N/A**

        2) First date by which to issue written discovery;

        **N/A**

        3) A fact discovery completion date;

        **See above (September 28, 2020)**

        4) An expert discovery completion date, including dates for the delivery of expert reports; and

        **Initial Expert Report(s) Due by: November 20, 2020**

        **Rebuttal Expert Report(s) Due by: December 11, 2020**

        **Expert Discovery to be Completed by: December 23, 2020**

5)     **For Cases in the MIDP:** A date for final supplementation of the mandatory initial discovery responses.

        **August 26, 2020.**

2. Motions:

    A. Briefly describe any pending motions, as well as any motions a party anticipates filing in the next 45 days.

    **There are no pending motions. However, in the event that Plaintiff fails to promptly produce all information and documents responsive to Defendant's written discovery requests, and all documents that he was required to (but did not) produce in accordance with the Court's Standing Order regarding the Mandatory Initial Discovery Pilot Project, Defendant may move to compel such discovery, and reserves the right to request that the Court order Plaintiff to reimburse Defendant for the related fees and costs.**

    B. Propose an agreed [revised] briefing schedule for any pending or anticipated motions.

    **Dispositive Motions:**

        **Moving Papers Due: November 6, 2020**

        **Opposition Papers Due: November 24, 2020**

        **Reply Papers Due: December 8, 2020**

3. Status of Settlement Discussions:

    A. Describe the status of any settlement discussions and whether the parties request a settlement conference.

    **The parties have not held any settlement discussions, and do not request a settlement conference at this time.**

4. Other Issues:

    A. Briefly describe any other issues that require Court action and request any agreed action that the Court can take without a hearing.

    **Plaintiff has acknowledged his inordinate delay in producing responsive information and documents, but still is unwilling to commit to a deadline for same. The parties believe that a <u>Court Order imposing a deadline of June 1, 2020</u> is both reasonable and necessary to motivate Plaintiff to produce all information and documents responsive to Defendant's written discovery requests, and all documents that he was required to (but did not) produce in accordance with the Court's Standing Order regarding the Mandatory Initial Discovery Pilot Project.**

      B.      Indicate whether the parties believe a telephonic hearing with the Court is necessary and time sensitive, and, if so, identify the issue(s) that warrant discussion.

                **Unless the Court would prefer to address the issue of Plaintiff's noncompliance by telephonic hearing, the parties believe that the Order requested in Section 4(A) is sufficient.**