UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID BOVERI, <br><br> Plaintiff, <br><br> v. <br><br> CONSENSYS, Inc., <br><br> Defendant. | Case No. 19-cv-50226 <br><br> Hon. Sara L. Ellis |

### JOINT MOTION CONCERNING PLAINTIFF'S DISCOVERY RESPONSES

Plaintiff David Boveri ("Plaintiff") and Defendant ConsenSys, Inc. ("Defendant") jointly inform the Court that – in accordance with Local Rule 37.2 – the parties have conferred via telephonic conference on May 15, 2020, in a good faith effort to resolve their discovery disputes, but require the Court's assistance to bring about a resolution to their remaining issues. The parties' discovery disputes relate to Defendant's propounded Interrogatories and Document Requests (Exhibits A and B, respectively). Defendant maintains that Plaintiff's written responses to interrogatories are deficient, and document production is incomplete, and that both should be compelled, with further relief as deemed just and consistent with the law of this Circuit. Defendant seeks an order directing Plaintiff to (i) supplement his deficient interrogatory responses and (ii) complete his document production without further delay.

### DISPUTED ISSUE 1: INTERROGATORY RESPONSES

**Introduction Regarding Interrogatory Responses.**

By letter dated April 29, 2020,[1] Defendant detailed numerous deficiencies in Plaintiff's responses to Interrogatories. (Exhibit C.) During a telephonic meet-and-confer conversation on May 15, Plaintiff pledged to correct his deficient responses by no later than June 1. By virtue of the parties' May 18 Joint Status Report (Dkt. No. 23) (which Plaintiff approved on that same date), Plaintiff also joined Defendant in requesting that the Court issue an order imposing a June 1 deadline. (Exhibit D.) However, Plaintiff still has not corrected or supplemented his deficient responses to Defendant's Interrogatories. Plaintiff's responses to interrogatories are included as Exhibit E in support of this Joint Motion.

a. **Interrogatory No. 5:**

Identify each and every request you made to ConsenSys at any time for accommodation of an alleged disability. For each such accommodation request, provide the: (a) date of the request; (b) individual(s) to whom you submitted the request; (c) the means by which you submitted the request

---

[1] All dates referenced herein occurred in 2020.

(for example: by phone, email, in person, etc.); (d) the exact accommodation that you requested; and (e) whether or not your request was granted.

Plaintiff's Response to Interrogatory No. 5:

OBJECTION: Plaintiff reiterates and restates each Objection from above, and adds that this Interrogatory requests information subject to privilege, including attorney work product. Further, the incidents of disclosure are so numerous that it is impossible to name them all; the main ones as described in Paragraphs 12.9-12.13 of the Complaint are related here, but Plaintiff reserves the right to supplement this (and every other) Response. Furthermore, the question is overly broad because—as referenced by Paragraph 11.4 in the complaint—the disclosure of disability itself constitutes a formal request for accommodation [FOOTNOTE: See *Barnett v. U.S. Air, Inc.*, 228 F.3d 1105 (9th Cir. 2000).]; the disclosure of disability and request for accommodation both do not require specific language; [FOOTNOTE: See, e.g., Schmidt v. Safeway Inc., 864 F. Supp. 991, 997, 3 AD Cas. (BNA) 1141, 1146-47 (D. Or. 1994) ("statute does not require the plaintiff to speak any magic words... The employee need not mention the ADA or even the term 'accommodation.'")] and expressing concern about his ability to complete a particular job or maintain employment due to a disability is sufficient to constitute a formal request, regardless of whether such disability is mentioned directly or indirectly [FOOTNOTE: See also *Hendricks-Robinson v. Excel Corp.*, 154 F.3d 685, 694, 8 AD Cas. (BNA) 875, 882 (7th Cir. 1998) ("[a] request as straightforward as asking for continued employment is a sufficient request for accommodation"); *Bultemeyer v. Ft. Wayne Community Schs.*, 100 F.3d 1281, 1285, 6 AD Cas. (BNA) 67, 71 (7th Cir. 1996) (an employee with a known psychiatric disability requested reasonable accommodation by stating that he could not do a particular job and by submitting a note from his psychiatrist); *McGinnis v. Wonder Chemical Co.*, 5 AD Cas. (BNA) 219 (E.D. Pa. 1995) (employer on notice that accommodation had been requested because: (1) employee told supervisor that his pain prevented him from working and (2) employee had requested leave under the Family and Medical Leave Act).] This discovery request is so broad and unlimited as to time and scope as to be an unwarranted annoyance, embarrassment, and is especially oppressive because Mr. Boveri requires accommodation for his disability on a daily basis (e.g., such legitimate requests for accommodation could include: adjusting the timing of a meeting, taking a short break during a long work session, the mere reference to his own tiredness or sleepiness, etc.). To comply with Defendant's request for every incident of Mr. Boveri "requesting accommodation" as defined above would be an undue burden and expense on the Plaintiff. The request is calculated to annoy and harass plaintiff. (See Code of Civ. Proc., § 2030.090 subd. (b); and *Columbia Broadcasting System, Inc. v. Superior Court of Los Angeles County* (1968) 263 CalApp.2d 12, 19 [69 Cal.Rptr. 348, 352]).

Without waiving any privilege, Plaintiff responds using the aforementioned definition of "request for accommodation" and ONLY for those main requests made during time period as mentioned above:

    RESPONSE TO INTERROGATORY NO. 5:

a)    date of the request: as described in the complaint in Paragraphs 12.9-12.13;

b)    individual(s) to whom you submitted the request: Lianna Newman and Kel Kanhirun;

c)    the means by which you submitted the request (for example: by phone, email, in person, etc.): by personal phone and Zoom audio/visual conferencing;

d)    the exact accommodation that you requested: (See objection against requiring specific language for requesting accommodation;)

2

e) whether or not your request was granted. As described in Paragraph 11.4 of the Complaint, ConsenSys did not engage in the interactive process for accommodating his disclosed disability during the time frame in Response 5(a)(above). (See objection pertaining to the burdensome number of individual requests that constitute the entirety of his employment at ConsenSys.)

**Proposed Compromises**

**Defendant's Proposed Compromise**: Defendant proposes that without further delay, Plaintiff correct and supplement his deficient response to Interrogatory No. 5, which may include a clarification that he did not request an accommodation of a disability. In the event that Plaintiff fails to do so by a date set by the Court, any information or evidence that Plaintiff subsequently produces in support of the contention that he requested an accommodation of a disability should be deemed inadmissible.

**Plaintiff's Proposed Compromise:**

Plaintiff acknowledges the deficiencies and agrees to this compromise. Plaintiff proposes that he will correct and supplement to the deficiencies to Interrogatory No. 5 within the timeline set by the Court.

**Defendant's Position and Supporting Authority.**

An interrogatory response generally should be complete in and of itself and stand on its own. *Ropak Corp. v. Plastican, Inc.*, No. 04 C 5422, 2006 WL 1005406, at *4 (N.D. Ill. Apr. 17, 2006). That means the response should not refer to "pleadings, depositions, other documents, or other interrogatories, especially when such references make it impracticable to determine whether an adequate answer has been given without [a] cross-checking comparison of answers." Id.

The Complaint alleges that Plaintiff made "formal requests for accommodation." Plaintiff's allegation that he made "formal requests" entitles Defendant to discovery as to: (a) the date of every such request for accommodation; (b) the individual(s) to whom Plaintiff submitted his request(s); (c) the means by which he submitted the request(s); (d) the exact accommodation that he requested; and (e) for each such request, a statement as to whether or not his request was granted. However, Plaintiff's response to Interrogatory No. 5 fails to specify the date of his request(s), what – if anything – he requested as an accommodation of a disability, and whether or not his alleged request(s) was granted. In subsequent correspondence, Defendant has offered Plaintiff the opportunity to clarify that he *did not* request an accommodation for a disability. Plaintiff has failed to supplement his response to Interrogatory No. 5.

Fed. R. Civ. P. 26(b) "prescribes the scope of matters upon which a party may seek discovery." *Gile v. United Airlines, Inc.*, 95 F.3d 492, 495 (7th Cir. 1996). Under this rule, a party "may obtain discovery regarding any nonprivileged matter that is relevant to [its] claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Because the purpose of discovery is to help define and clarify the issues," courts broadly define the scope of relevant discovery. *Doe v. Loyola Univ. Chi.*, No. 18 CV 7335, 2020 WL 406771, at *2–3 (N.D. Ill. Jan. 24, 2020).

Because Plaintiff's supposed "formal requests for accommodation" are central to the parties' claims and defenses, Defendant is entitled to the straightforward responses that it seeks in Interrogatory No. 5, which require only that Plaintiff provide information that should be readily accessible to him.

**Plaintiff's Position and Supporting Authority.**

Plaintiff's position is that after the telephonic conference on May 15, 2020, he was delayed in his responses and did not meet upon his obligations due to the unforeseen consequences of adjusting his daily schedule due to the COVID-19 pandemic. Plaintiff respectfully requests that court consider that due to the "disruption caused by the pandemic," that the "The impact on 'business as usual,' particularly for smaller law firms and solo practitioners who do not have large support staffs and advanced technological systems that make a transition to remote work much easier, cannot be overstated." *Elsherif v. Mayo Clinic, No. 18-cv-2998, Dkt. No. 225 (D. Minn. Mar. 24, 2020)*, and to consider these circumstances, compounded by being a pro se litigant, serve as "good cause" for modifying the schedule for discovery, with the courts consent, pursuant to *Fed. R. Civ. P 16(b)(4)*.

b. **Interrogatory No. 12**:

> Identify each and every individual who you allege directed you to perform work for ConsenSys during your "sick leave."

**Plaintiff's Response to Interrogatory No. 12**:

> **OBJECTIONS: Plaintiff restates the objections above and adds that since there is no direct reference in the Complaint to any individual specifically directing him to perform work for ConsenSys during his "sick leave," this discovery request as phrased is argumentative. It requires the adoption of an assumption, which is improper.**
>
> **RESPONSE TO INTERROGATORY NO. 12:**
>
> **Plaintiff does not offer a response to this interrogatory in its current form.**

**Proposed Compromises**

**Defendant's Proposed Compromise**: Defendant proposes that Plaintiff correct and supplement his deficient response to Interrogatory No. 12 without further delay, which may include a clarification that no individual directed him to perform work for ConsenSys during his purported sick leave. In the event that Plaintiff fails to do so by a date set by the Court, any information or evidence that Plaintiff subsequently produces in support of the contention that he requested an accommodation of a disability should be deemed inadmissible.

**Plaintiff's Proposed Compromise**:
Plaintiff acknowledges the deficiencies and agrees to this compromise. Plaintiff proposes that he will correct and supplement to the deficiencies to Interrogatory No. 12 within the timeline set by the Court.

**Defendant's Position Regarding Plaintiff's Response to Interrogatory No. 12**.

The Complaint alleges that Plaintiff was directed to perform work during his supposed leave of absence from employment. Plaintiff's allegation entitles Defendant to discovery as to who, if anyone, directed him to perform work during his "sick leave." However, Plaintiff has provided no information responsive to Interrogatory No. 12, choosing instead to object because, purportedly, the Interrogatory "requires the adoption of an assumption, which is improper." Whatever Plaintiff's objection is supposed to mean, it does not shield him from his obligation to disclose information relevant to the parties' claims and defenses and proportional to the needs of the case. As discussed in greater detail above, a party "may obtain discovery regarding any nonprivileged matter that is relevant to [its] claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Accordingly, Plaintiff must identify every individual who he alleges directed him to perform work for ConsenSys during his purported sick leave.

**Plaintiff's Position Regarding Plaintiff's Response to Interrogatory No. 12**.
Plaintiff does not provide any objection to this response.

### DISPUTED ISSUE 2: DOCUMENT PRODUCTION

**Introduction Regarding Plaintiff's Document Production**.
Following the parties' above-referenced meet-and-confer call on May 15, Plaintiff consented on May 18 to the contents of the parties' Joint Status Report, filed with the Court on that same date. The Joint Status Report committed Plaintiff to "produce all … documents responsive to Defendant's written discovery requests, and all documents that he was required to (but did not) produce in accordance with the Court's Standing Order regarding the Mandatory Initial Discovery Pilot Project, by no later than June 1, 2020." Plaintiff then engaged in two rounds of document production (on May 20 and 29) before explaining in a June 8 email that he would need until June 12 to "send[] the rest" of his document production. However, Plaintiff has not supplemented his document production, and has failed to respond to (or otherwise communicate with) Defendant's Counsel following the undersigned's June 22 email following up on Plaintiff's incomplete production. By his own tacit admission, Plaintiff's document production remains incomplete more than six months after the deadline for his Mandatory Initial Discovery Pilot Project responses and production, and more than two months after the June 1 deadline that he committed to during the parties' May 15 meet-and-confer call and, relatedly, within the parties' May 18 Joint Status Report. Plaintiff's written responses to Defendant's document requests are included as <u>Exhibit F</u> in support of this motion.

**Proposed Compromises**
**Defendant's Proposed Compromise**: Defendant proposes that Plaintiff complete his document production without further delay. Any documents that Plaintiff attempts to produce subsequent to a deadline established by the Court should be deemed inadmissible insofar as Plaintiff attempts to use those documents to support his claims.

**Plaintiff's Proposed Compromise**.

Plaintiff acknowledges the deficiencies and agrees to this compromise. Plaintiff proposes that he will correct and supplement to the deficiencies in document production within the timeline set by the Court.

**Defendant's Position and Supporting Authority.**

It is Defendant's position that Plaintiff must complete his document production without delay. Plaintiff's inexplicable failure to complete his document production – or, for that matter, to communicate with Defendant's Counsel in connection with same – has brought discovery in this case to a standstill.

Simply put, Defendant is entitled to "obtain discovery regarding any nonprivileged matter that is relevant to [its] claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Moreover, Defendant is entitled to any and all documents in Plaintiff's possession, custody, or control that he was required to produce (by February 5) in accordance with the Court's Standing Order regarding the Mandatory Initial Discovery Pilot Project. By his June 8 assurance that he would send "the rest" of the documents comprising his production by no later than June 12, Plaintiff indicated that his production was incomplete. As such, Plaintiff must supplement his document production so that it is complete; discovery cannot proceed until that occurs.

**Plaintiff's Position and Supporting Authority.**

Plaintiff's position is the same as above. *Elsherif v. Mayo Clinic, No. 18-cv-2998, Dkt. No. 225 (D. Minn. Mar. 24, 2020). Fed. R. Civ. P 16(b)(4).*

Date: August 19, 2020

Respectfully submitted,

David Boveri
3230 Sycamore Road, Suite 168
DeKalb, IL 60115

/s/ Scott M. Cooper
Kerry E. Saltzman (ARDC No. 6191194)
WILLIAMS, BAX & SALTZMAN, P.C.
Attorneys for Defendant
221 N. LaSalle St., Ste. 3700
Chicago, IL 60601

Laura Sack (admitted pro hac vice)
Scott M. Cooper (admitted pro hac vice)
DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendant
1251 Avenue of the Americas, 21st Floor
New York, NY 10020