# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| DAVID BOVERI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:19-cv-50226 |
| - v - | ) | |
| | ) | Hon. Sara L. Ellis |
| CONSENSYS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**DEFENDANT'S FIRST SET OF INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant ConsenSys, Inc. ("ConsenSys" or "Defendant") directs Plaintiff David Boveri to answer in writing, separately and under oath, the following interrogatories **within thirty (30) days**.

**DEFINITIONS AND INSTRUCTIONS**

1.　　These Interrogatories incorporate by reference and utilize the Definitions Applicable to Discovery Requests as set forth in Rule 33 of the Federal Rules of Civil Procedure.

2.　　As used herein, the terms "Plaintiff," "you," or "your" refer to David Boveri, his counsel, and any consultants, experts, investigators, agents, representatives, or other persons acting on his behalf.

3.　　As used herein, the terms "Defendant" and "ConsenSys" refer to defendant ConsenSys, Inc.

4.      As used herein, the term "Complaint" refers to the Complaint in Case No. 3:19-cv-50226, which was filed by Plaintiff on or about September 12, 2019, in the United States District Court for the Northern District of Illinois.

5.      As used herein, the term "document" includes, in addition to the definitions provided in Federal Rule of Civil Procedure 34, which is expressly incorporated herein, the original or any copies, regardless of origin or location, of any correspondence, email, instant message, text message, book, pamphlet, periodical, newspaper article, letter, calendar, diary entry, memorandum, message, telegram, facsimile transmission, cable, report, transcript, record, study, stenographic or handwritten note, working paper, draft, invoice, voucher, check, statement, chart, graph, map, diagram, blueprint, table, index, picture, voice recording, tape, microfilm, or any other written, typed, printed, recorded, transcribed, punched, filmed, photographed, or graphic matter, however produced or reproduced, to which you have or have had access, and copies or reproductions of any of the above that differ in any respect from the original, such as copies containing marginal notations or other variations, and all other records or writings, however produced or reproduced, to which you have or have had access.  Designated documents are to be taken as also including all attachments, exhibits, enclosures, appendices, and other documents that relate to or refer to such designated documents.  The enumeration of various specific items as included within the definition of the word "documents" shall not be taken to limit the generality of this word, and the requests herein are directed and intended to obtain all "documents" in the broadest and most comprehensive sense and meaning of this word.

6.      As used herein, the terms "employee," "employed" or "employment" includes full-time employment, part-time employment, self-employment, work as a paid intern, work as

an independent contractor or any other activity intended to generate income for the performance of personal services.

7.      Furnish all information known or available to you regardless of whether this information is possessed:  directly by you, or by your agents, employees, representatives, or investigators; your affiliates, predecessors or corporations or partnerships; or by any other legal entities controlled by or in any manner affiliated with you.

8.      If any of these Interrogatories cannot be answered in full, answer to the fullest extent possible, specifying the reasons for your inability to answer the remainder and stating whatever information, knowledge or belief you have concerning the unanswered portion.

9.      These Interrogatories are continuing in nature.  If, at any time after service of the initial answers hereto and prior to the final judgment of this action, you obtain additional information responsive to these Interrogatories, you are required promptly to supplement or amend your answers hereto.

10.     If the information is not within your personal knowledge, identify each person to whom the information is a matter of personal knowledge, if known, and, if not known, state the source of your information and the grounds for your belief.

11.     If any information requested is claimed to be immune from discovery on the grounds of privilege, describe the basis of the privilege claimed and describe the information alleged to be privileged in detail sufficient to enable the Court to decide if the privilege has been properly invoked.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify each person you believe to be a current or former ConsenSys employee who you claim discriminated against you on the basis of your alleged actual or perceived disability(ies).

**INTERROGATORY NO. 2:**

Identify each disability from which you claim to have suffered at any time during your internship with ConsenSys.

**INTERROGATORY NO. 3:**

Identify each disability from which you claim to have suffered at any time between January 1, 2018 and June 5, 2018.

**INTERROGATORY NO. 4:**

Identify every health care practitioner from whom you have sought treatment, diagnosis, or consultation for any reason other than to receive mental health services since January 1, 2014.

**INTERROGATORY NO. 5:**

Identify each and every request you made to ConsenSys at any time for accommodation of an alleged disability. For each such accommodation request, provide the: (a) date of the request; (b) individual(s) to whom you submitted the request; (c) the means by which you submitted the request (for example: by phone, email, in person, etc.); (d) the exact accommodation that you requested; and (e) whether or not your request was granted.

**INTERROGATORY NO. 6:**

Identify the individual(s) who you allege offered you a "full-time position" with ConsenSys.

4

**INTERROGATORY NO. 7:**

Identify each individual who you allege withdrew any offer to you of a "full-time position" with ConsenSys.

**INTERROGATORY NO. 8:**

Identify each individual who "ordered" or "told" you to "not accurately log or claim overtime hours," as alleged in Paragraphs 11.6 and 12.21 of the Complaint.

**INTERROGATORY NO. 9:**

Identify every week during which you allege that you worked more than 40 hours for ConsenSys, and for every such week, identify the number of hours that you worked.

**INTERROGATORY NO. 10:**

Identify each and every individual who "instructed [you] to consider [yourself] a full-time employee and to grant [yourself] the same rights and responsibilities given to full-time employees," including "the right to the unlimited time-off policy," as alleged in Paragraph 12.20 of the Complaint.

**INTERROGATORY NO. 11:**

Identify each and every individual who "approved [your] request and authorized paid-time off for [your] sick leave," as alleged in Paragraph 12.28 of the Complaint.

**INTERROGATORY NO. 12:**

Identify each and every individual who you allege directed you to perform work for ConsenSys during your "sick leave."

**INTERROGATORY NO. 13:**

State separately by year from January 1, 2018 to the present:

(a) Your total earnings from employment, including self-employment, or from services rendered to businesses or entities other than from employment/internship with ConsenSys; and

(b) The amount of income you have received in the form of benefits of any nature, from any state, federal, and/or local government welfare or benefit program (including unemployment insurance), or from any entity to which you belong, or pursuant to any voluntary insurance program to which you subscribe and the dates of receipt.

## INTERROGATORY NO. 14:

Identify each source of income you have received since January 1, 2018. For each source of income, list how much income you have received since January 1, 2018.

## INTERROGATORY NO. 15:

Identify with specificity each category of damages that you allege, including lost income, emotional distress and attorneys' fees, if any. With respect to each category of damages, specifically state the total amount of damages claimed and the basis for the computation of the amount claimed.

## INTERROGATORY NO. 16:

Identify each prospective employer with whom you have sought employment either directly or through a recruiter, staffing agency, or other third party since November 1, 2018, and state the dates on which you met with any of those prospective employers.

## INTERROGATORY NO. 17:

Identify each person whom you expect to call as an expert witness at trial. For each such person:

(a) State the subject matter on which the expert is expected to testify;

(b) Set forth the substance of the facts and opinions to which the expert is expected to testify;

(c) Identify any and all documents prepared by or provided to each expert which relate to the subject matter of his or her testimony;

(d)    Identify each action or proceeding in which such expert witness has previously testified as an expert.

**INTERROGATORY NO. 18:**

Identify each person you believe to be a current or former ConsenSys employee with whom you have communicated since December 6, 2018 concerning this lawsuit and/or the allegations contained in the Complaint.

**INTERROGATORY NO. 19:**

Identify each person who assisted in the preparation of your responses to these Interrogatories.

Dated: New York, New York
       January 24, 2020

By:____/s/Scott M. Cooper_____
Laura Sack (*admitted pro hac vice*)
Scott M. Cooper (*admitted pro hac vice*)
Davis Wright Tremaine LLP
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
(212) 489-8230
Attorneys for Defendant

Kerry E. Saltzman (ARDC No. 6191194)
Aaron W. Chaet (ARDC No. 6299264)
Williams, Bax & Saltzman, P.C.
Attorneys for Defendant
(312) 372-3311

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on this 24th day of January, 2020, he caused true and correct copies of the foregoing Defendant's First Set of Interrogatories to be served on Plaintiff, appearing *pro se*, via electronic mail (daiv.boveri@gmail.com) and by Certified Mail sent to Plaintiff at:

David Boveri
3230 Sycamore Rd.
Suite 168
DeKalb, IL 60115

/s/_____

Scott M. Cooper (*admitted pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendant
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
(212) 489-8230

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| DAVID BOVERI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:19-cv-50226 |
| - v - | ) | |
| | ) | Hon. Sara L. Ellis |
| CONSENSYS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

**DEFENDANT'S FIRST SET OF DOCUMENT REQUESTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant

ConsenSys, Inc. ("ConsenSys" or "Defendant"), by its attorneys Williams, Bax & Saltzman, P.C.

and Davis Wright Tremaine LLP, hereby requests that plaintiff David Boveri produce for

inspection and copying the documents described below. The documents shall be produced at the

offices of Williams, Bax & Saltzman, P.C., 221 N. LaSalle St., Ste. 3700, Chicago, Illinois

60601, Attn: Aaron Chaet, **within 30 days after service of these Document Requests**. These

Document Requests shall be deemed continuing, and the responses are to be seasonably amended

or supplemented as provided in Rule 26(e) of the Federal Rules of Civil Procedure.

**INSTRUCTIONS AND DEFINITIONS**

1. The terms "Plaintiff," "you" and "your" refer to Plaintiff David Boveri.

2. The term "Defendant" or "ConsenSys" means Defendant ConsenSys, Inc. and its

current or former officers, directors, managers, supervisors, employees, representatives, assigns,

agents, attorneys, consultants, divisions, departments, affiliates, and subsidiaries.

3. The term "Complaint" means the Complaint filed by David Boveri in the case captioned *Boveri v. ConsenSys, Inc.,* Case No. 3:19-cv-50226, in the United States District Court for the Northern District of Illinois.

4. The term "document" means any written, graphic or recorded material of every kind and description, however produced or reproduced, whether draft or final, original or reproduction, signed or unsigned, and regardless of whether approved, signed, sent, received, deleted, redrafted, or executed, prepared by or for, or in the possession, custody or control of Plaintiff, his attorneys or other persons acting on Plaintiff's behalf. Without limiting the foregoing, the term "document" includes the following: correspondence, memoranda, electronic mail messages, text messages, instant messages, chat-room messages, social network (e.g., Facebook, Twitter, Instagram, etc.) messages, computer generated documents, documents maintained on computer or computer disk, tapes, or other electronic storage media, notes, jottings, videos, film impressions, voice mails, recordings or transcriptions of verbal conversations or statements, however made, books, records, reports, surveys, studies, analyses, projections, business forms, labels, papers and forms filed with courts or other governmental bodies, notices, messages, calendar or diary entries, charts, tabulations, contracts, applications, maps, pamphlets, agreements, statistical or informational accumulation including all forms of computer storage and retrieval, transportation logs, appointment books, resolutions, minutes or informal memoranda of meetings, and copies of documents which are not identical duplicates of the originals ( e.g., because handwritten or "blind" notes appear thereon or are attached thereto) or material similar to any of the foregoing. If you have only maintained any responsive document(s) in electronic format and claim that you are not able to retrieve the data, specify in what format it was/is kept and the current status of the data.

5. The term "communication" means any manner or form of information, memorandum, notes or message transmission, however produced or reproduced, whether by "document" as herein defined or orally or otherwise, which is made by you or others or which is distributed or circulated between or among persons, or data storage or processing units, including any and all documents containing, consisting of, or relating or referring, in any way, either directly or indirectly to, a communication.

6. The term "person" refers to and includes a corporation, partnership, joint venture, proprietorship, firm, company, employer, unincorporated association, individual, association of individuals, or any other such entity.

7. The term "individual" means a natural person.

8. The term "identify" means:

a. When used with reference to a document, state: (i) the type of document (i.e., video, letter, memoranda, report, tape printout, etc.); (ii) the date when the document was prepared; (iii) the name of the individual who drafted or prepared the document; (iv) the present or last known location of the document or the identity of the individual who has custody of the document; and (v) such other information sufficient to enable Defendant to identify the document, such as the addressee(s), the approximate length in pages, persons who received copies, and a synopsis of its contents.

b. When used with reference to a person, state its or their: (i) full name; (ii) organizational status (i.e., corporation, partnership, etc.); (iii) nature and character of its or their business or organization; (iv) business address and telephone number; (v) last known residential address and telephone number; and (vi) other similar identifying information, with the exception that if the person to be identified is an individual, then identify as in subparagraph (c).

c. When used with reference to an individual, state his or her: (i) full name; (ii) last known residence address and telephone number; (iii) business address and telephone number; (iv) job title or position; and (v) other similar identifying information.

d. When used with reference to a communication: (i) if written, identify the document as in subparagraph (a); and (ii) if oral, state the date of the communication and the individuals or persons who sent, received and otherwise had knowledge of the communication, and state the substance thereof.

9. Whenever appropriate in these Requests, the singular form of a word shall be interpreted as plural and vice versa.

10. Whenever appropriate in these Requests, the masculine form of a word shall be interpreted as feminine and vice versa.

11. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests any information which might otherwise be construed to be outside their scope.

12. The terms "relating to" or "concerning" mean consisting of, referring to, reflecting, supporting, evidencing, contradicting, compromising, or being in any way legally, logically, or factually connected with the matter discussed.

13. Plaintiff's responses should be organized for production in accordance with Federal Rule of Civil Procedure 34(b) and identified with reasonable particularity by Bates stamp or otherwise.

14. If any document that would have been responsive to the Requests herein has been destroyed or is no longer in your possession, custody or control, provide the following information:

4

      a. The date of the document;

      b. The names and job titles of the preparer(s), sender(s), and recipient(s) of the

documents;

      c. The date of and the identity of the person responsible for its destruction, loss,

transfer or other act or omission by which the document left your possession,

custody or control; and

      d. The circumstances surrounding the loss of the document or the reason for its

destruction.

      15. If Plaintiff has no documents in his possession, custody, or control which are responsive to a particular Request, Plaintiff shall so indicate in writing.

      16. With respect to any document for which a privilege is being asserted, identify such document by stating:

      a. The name, title and job or position of the document's author;

      b. The name, title and job or position of the document's sender;

      c. The name, title and job or position of every person who received or saw the

document or any of its copies;

      d. The date of the document;

      e. The physical description of the document, including size, length, typed or

handwritten, etc.;

      f. A brief description of the document's subject matter;

      g. The basis for the privilege asserted; and

      h. The name, title and job or position of all persons on whose behalf the privilege

is asserted.

17. With respect to any conversation for which a privilege is being asserted, identify such conversation by stating:

      a. When the conversation occurred;

      b. Where the conversation occurred;

      c. The name, title and job or position of each person who was present at or during the conversation, whether or not such conversation was in person or by telephone;

      d. A brief description of the conversation's subject matter;

      e. The basis for the privilege; and

      f. The name, title and job or position of all persons on whose behalf the privilege is asserted.

19. These Requests shall be deemed continuing in nature and further supplemental responses shall be served upon counsel for Defendant if and when Plaintiff obtains additional documents or information relevant to these Requests.

## DOCUMENT REQUESTS

**REQUEST NO. 1:**

All documents used as a source or background information and/or that formed the basis for your Answers to Defendant's First Set of Interrogatories, or for your initial disclosures under Rule 26(a) of the Federal Rules of Civil Procedure.

**REQUEST NO. 2:**

All documents used, relied upon, or referenced to draft the Complaint.

**REQUEST NO. 3:**

All documents concerning, reflecting, or related to any offer of employment or internship that you received from ConsenSys.

**REQUEST NO. 4:**

All documents concerning, reflecting, or related to ConsenSys's rejection of your candidacy or application for employment or internship with ConsenSys.

**REQUEST NO. 5:**

All documents (including but not limited to emails sent or received by or from either your ConsenSys-provided email address or any personal email address you have used since the start of your internship(s) with ConsenSys, text messages, letters, or instant messages on any social networking forum) constituting, reflecting, or referring to communications supporting or concerning your allegations that you were subjected to discrimination during or before your internship(s) with ConsenSys.

**REQUEST NO. 6:**

All documents (including but not limited to emails sent or received by or from either your ConsenSys-provided email address or any personal email address you have used since the start of your internship(s) with ConsenSys, text messages, letters, or instant messages on any social

networking forum) constituting, reflecting, or referring to communications supporting or concerning your allegations that you requested that ConsenSys provide you with a reasonable accommodation for a disability.

**REQUEST NO. 7:**

All documents (including but not limited to emails sent or received by or from either your ConsenSys-provided email address or any personal email address you have used since the start of your internship(s) with ConsenSys, text messages, letters, or instant messages on any social networking forum) constituting, reflecting, or referring to communications supporting or concerning your allegations that you worked more than 40 hours in a workweek.

**REQUEST NO. 8:**

All documents (including but not limited to emails sent or received by or from either your ConsenSys-provided email address or any personal email address you have used since the start of your internship(s) with ConsenSys, text messages, letters, or instant messages on any social networking forum) constituting, reflecting, or referring to communications supporting or concerning your allegations that you were discouraged from accurately recording the hours you worked during your internship for ConsenSys.

**REQUEST NO. 9:**

All affidavits or other recorded statements obtained from any person or witness which relate to any of the facts underlying your claims against Defendant.

**REQUEST NO. 10:**

All documents concerning any individual you expect to call as an expert witness at trial, including but not limited to:

    (a)    all documents containing any conclusions drawn or opinions reached by the expert in connection with this matter, including any report prepared;

(b)    all documents indicating or reflecting the basis for any conclusions drawn or opinions reached by the expert in connection with this matter;

(c)    all documents tending to support or to qualify, contradict or refute any conclusions drawn or opinions reached by the expert in connection with this matter;

(d)    all documents reviewed by the expert in the course of his or her work on this matter;

(e)    all charts, graphs, summaries and other demonstrative evidence prepared in connection with the expert's anticipated testimony; and

(f)    all curriculum vitae or resume prepared or used by the expert during the preceding two years.

**REQUEST NO. 11:**

To the extent not already produced in response to the foregoing document requests, all documents and data compilations on which you rely to support your claims.

**REQUEST NO. 12:**

All documents concerning, pertaining, or referring to any formal or informal complaints made by you to or about ConsenSys referring to or concerning any alleged unlawful discrimination, wage and hour practices, or alleged failure to accommodate a disability.

**REQUEST NO. 13:**

All documents (including but not limited to emails sent or received by or from either your ConsenSys email address or any personal email address you have used since the start of your employment with ConsenSys, text messages, letters, or instant messages or personal messages on any social networking forum) that relate in any way to your claims in this action, or that otherwise relate to ConsenSys.

**REQUEST NO. 14:**

To the extent not already produced, any and all documents relating or referring to the allegations in the Complaint.

**REQUEST NO. 15:**

All documents concerning, reflecting, or referring to your attendance records, including any leave of absence taken or applied for, any paid time off, or any hours worked during your internship with ConsenSys.

**REQUEST NO. 16:**

All documents concerning or supporting your alleged entitlement to damages or any other monetary relief sought including, without limitation, any calculations thereof.

**REQUEST NO. 17:**

All documents concerning, pertaining, or relating to any search for employment in which you have engaged since November 1, 2018, including, but not limited to all past and current resumes, recommendations, cover letters, reference lists, or communications with recruiters, employment agencies, prospective employers, prospective clients or customers, or professional contacts since November 1, 2018.

**REQUEST NO. 18:**

All documents concerning, pertaining, or relating to any job postings you have viewed or applied for, including but not limited to Internet-based searches for job postings or job postings listed in the classified section of a newspaper, magazine, or trade periodical since November 1, 2018.

**REQUEST NO. 19:**

All documents concerning, pertaining, or relating to any employment interviews you have attended or otherwise participated in since November 1, 2018.

**REQUEST NO. 20:**

All documents concerning, pertaining, or relating to any offers of employment that you have received (whether communicated orally or in writing, and whether formal or informal) since November 1, 2018.

**REQUEST NO. 21:**

All documents concerning, pertaining, or relating to any offers to pay you money or other compensation in exchange for the performance of services since November 1, 2018.

**REQUEST NO. 22:**

All documents concerning, pertaining, or relating to your income or income substitutes, including, but not limited to, W-2 forms, federal and state income tax returns filed by you (including all forms, attachments and schedules thereto), individually or jointly, pay stubs, benefits booklets, forms concerning pertaining or relating to your receipt of unemployment insurance benefits, and other records of compensation for the years 2018 through the present.

**REQUEST NO. 23:**

All documents concerning, pertaining, or relating to any medical treatment that you have received since January 1, 2014, including but not limited to all invoices for medical visits or services rendered, all drug prescriptions and bills, invoices, or receipts for same, and all calendar entries (physical or electronic) containing medical appointments.

**REQUEST NO. 24:**

All documents identified and/or relied upon in preparing responses to Defendant's First Set of Interrogatories.

Dated:  January 24, 2020

By:   <u>s/ Scott M. Cooper</u>
Laura Sack (*admitted pro hac vice*)
Scott M. Cooper (*admitted pro hac vice*)
Davis Wright Tremaine LLP
1251 Avenue of the Americas
21st Floor
New York, New York  10020
(212) 489-8320

Kerry E. Saltzman (ARDC No. 6191194)
Aaron W. Chaet (ARDC No. 6299264)
Williams, Bax & Saltzman, P.C.
221 N. LaSalle St., Ste. 3700
Chicago, IL 60601
(312) 372-3311

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on this 24th day of January, 2020, he caused true and correct copies of the foregoing Defendant's First Set of Document Requests to be served on Plaintiff, appearing *pro se*, via electronic mail (daiv.boveri@gmail.com) and by Certified Mail sent to Plaintiff at:

David Boveri
3230 Sycamore Rd.
Suite 168
DeKalb, IL 60115

/s/ _____
Scott M. Cooper (*admitted pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendant
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
(212) 489-8230

# EXHIBIT C



21st Floor
1251 Avenue of the Americas
New York, NY 10020-1104

**Scott Cooper**
212.603.6478 tel
212.489.8340 fax

scottcooper@dwt.com

April 29, 2020

**VIA E-MAIL & CERTIFIED MAIL**
David Boveri
3230 Sycamore Road, Suite 168
DeKalb, IL 60115

      Re:    Boveri v. ConsenSys, Inc.
             Docket No. 19-cv-50226 (SLE)

Mr. Boveri:

As counsel to Defendant, I write to address deficiencies in your responses to Defendant's First Set of Interrogatories and First Set of Document Requests.

In your response to Defendant's First Set of Interrogatories, you fail to provide basic information necessary to support your claims. As for your responses to Defendant's Document Requests, we are disappointed to note that you still have not produced a single document during discovery, despite your written responses claiming to have already done so. In fact, you failed even to respond to my email dated April 10, 2020, in which I asked when we could expect to receive your document production.

We note at the outset that your objections to Defendant's written discovery requests are either misplaced, based on inapposite court decisions from state courts in California or New Jersey, rely on something you refer to as a "Code of Civil Procedure," or cite how "tired" or "wear[y]" you purport to be at the prospect of responding to proper discovery requests. Simply put, your objections are without merit, and do not shield you from your obligation to provide all non-privileged responsive information and documents that are relevant to the parties' claims or defenses and proportional to the needs of the case.

Interrogatory No. 5 seeks the identification of "each and every request you made to ConsenSys at any time for accommodation of an alleged disability," and for each such request, the "(a) date of the request; (b) individual(s) to whom you submitted the request; (c) the means by which you submitted the request (for example: by phone, email, in person, etc.); (d) the exact accommodation that you requested; and (e) whether or not your request was granted."

The Complaint alleges that you made "formal requests for accommodation." Your allegation that you made a "formal request[s] for accommodation" entitles Defendant to discovery as to what you requested. However, your response to Interrogatory No. 5 fails to provide that basic information. If you did not request an accommodation of a disability, then so state. If you did request an accommodation of a disability, then state with specificity exactly

David Boveri
April 29, 2020
Page 2

what accommodation(s) you requested.  We will interpret your continued failure to identify a requested accommodation as an admission that you did not make such a request.

Interrogatory No. 12 seeks the identification of "each and every individual who you allege directed you to perform work for ConsenSys during your purported 'sick leave.'"

The Complaint alleges that you were directed to perform work during your supposed sick leave from ConsenSys.  Your allegation entitles Defendant to discovery as to who, if anyone, directed you to perform work during your "sick leave."  However, you have provided no information responsive to Interrogatory No. 12; instead, you object because, purportedly, the Interrogatory "requires the adoption of an assumption, which is improper."  Whatever your amorphous objection is meant to convey, it does not shield you from your obligation to disclose information relevant to the parties' claims and defenses and proportional to the needs of the case.  Plainly, you have alleged that someone directed you to perform work during what you allege to have been your "sick leave" – promptly identify the individual(s) who directed you to perform work during your leave.  We will interpret your continued failure to provide information responsive to Interrogatory No. 12 as an admission that, in fact, no ConsenSys employee directed you to perform work during what you allege was your leave of absence.

In response to several Document Requests (including Nos. 2-7, 11, 13, 14,[1] 17, and 18), you purport to "compl[y]" with the corresponding Requests by producing documents; however, as noted above, you have not produced a single document in this case.  Plainly, your document production is long overdue; **either promptly produce all non-privileged documents responsive to Defendant's Requests, or affirmatively state that there are no non-privileged responsive documents in your possession, custody, or control**.

In response to Document Request Nos. 15 and 16, you claim that you are "tired" and "wear[y]" in connection with your attempt to respond to the Requests.  However, even if those were valid objections (which they are not), they are belied by the fact that you have neither produced responsive documents nor affirmatively stated that there are no non-privileged responsive documents in your possession custody or control.  Your document production is long overdue; **either promptly produce all non-privileged documents responsive to Defendant's Requests, or affirmatively state that there are no non-privileged responsive documents in your possession, custody, or control**.

In response to Document Request Nos. 20-22, which relate to your supposed damages, you claim that you "compl[y]" with the Requests by referring to your objections and to the "Interrogatories and Document Requests referenced therein."  However, even if your objections were valid (which they are not), you have failed to produce a single document in this case.  Your

---

[1] Your response to Request No. 14 refers to your response to Request No. 13, which claims, falsely, that you "ha[ve] provided and will continue to provide upon further discovery and all documents that are in [your] possession that relate to [your] claims in this action … ."

David Boveri
April 29, 2020
Page 3

document production is long overdue; **either promptly produce all non-privileged documents responsive to Defendant's Requests, or affirmatively state that there are no non-privileged responsive documents in your possession, custody, or control**.

In response to Document Request No. 23, which seeks documents related to your alleged medical treatment since January 1, 2014, "including but not limited to all invoices for medical visits or services rendered, all drug prescriptions and bills, invoices, or receipts for same," you claim that you have already complied with the Request by providing HIPAA authorizations. However, because the Complaint seeks damages for your medical expenses – which is your burden to prove – and the cost of your diagnosis and treatment is not reflected in the records obtained from your disclosed providers, **either promptly produce "all invoices for medical visits or services rendered, all drug prescriptions and bills, invoices, or receipts for same," or affirmatively state that there are no non-privileged responsive documents in your possession, custody, or control.**

We look forward to your prompt attention to – and correction of – these deficiencies by no later than May 14, 2020. Please do not hesitate to contact me if you have any questions.

Very truly yours,


Scott M. Cooper

# EXHIBIT D

| | |
|---|---|
| **From:** | daiv b. <daiv.boveri@gmail.com> |
| **Sent:** | Monday, May 18, 2020 11:39 AM |
| **To:** | Cooper, Scott |
| **Cc:** | Sack, Laura; Kerry Saltzman |
| **Subject:** | Re: Boveri / ConsenSys -- Status Update |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

[EXTERNAL]

Mr. Cooper,

I have reviewed the joint status report. I don't have any proposed revisions, and you have my consent to submit it to the court.

I will begin a rolling disclosure of information starting no later than Wednesday, May 20, and conclude the disclosures within a timely manner. I will also correct and address any other deficiencies in my initial responses as per your April 29 letter.

Thank you.

David Boveri

On Fri, May 15, 2020 at 4:48 PM Cooper, Scott <ScottCooper@dwt.com> wrote:

Mr. Boveri,

As discussed during our call this afternoon, we are disappointed that you still have not produced any documents or cured the deficiencies in your written discovery responses, especially in light of your admission today that you are in possession of what you believe to be Defendant's confidential, proprietary documents. As I noted, we are amenable to you producing the required information and documents on a rolling basis, as long as your rolling disclosure and production begins by no later than Wednesday, May 20, and concludes promptly thereafter. You indicated that you would try your best to meet that expectation.

Relatedly, the Court requires that we submit a status report by no later than Monday, May 18. Attached please find a draft joint status report, which includes a request for an order related to the timing of your discovery responses and document production; let me know by 11:00 a.m. on Monday morning if you have any proposed revisions.

Thank you.

**Scott Cooper** | Davis Wright Tremaine LLP
1251 Avenue of the Americas, 21st Floor | New York, NY 10020
Tel: (212) 603-6478 | Fax: (212) 489-8340
Email: scottcooper@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Shanghai | Washington, D.C.

# EXHIBIT E

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

David Boveri,

                      Plaintiff,

v.                                      Case No. 3:19-cv-50226 (SLE)

ConsenSys, Inc.

                      Defendant.

**PLAINTIFF'S OBJECTIONS AND RESPONSES**
**TO DEFENDANT CONSENSYS, INC.'S,**
**<u>FIRST SET OF INTERROGATORIES</u>**

**PROPOUNDING PARTY:** CONSENSYS, INC.
**RESPONDENT:** DAVID BOVERI, PRO SE
**SET NUMBER:** ONE

       Plaintiff David Boveri, *pro se*. ("Mr. Boveri" or "Plaintiff"), hereby provides his initial responses to Defendant ConsenSys, Inc.'s ("ConsenSys" or "Defendant") First set of Interrogatories, pursuant to Rule 33 of the Federal Rules of Civil Procedure, and responds as follows:

**PRELIMINARY STATEMENT**

       1.     Plaintiff's discovery of factual evidence supporting the claims of the Complaint is ongoing. Plaintiff will seasonably supplement this response if and when he becomes aware of the existence of additional responsive information or documents that are subject to disclosure pursuant to Rule 26(a) and Rule 33 of the Federal Rules of Civil Procedure, and pursuant to the Standing Order for the Mandatory Initial Discovery Pilot Project of the Northern District of Illinois.

       2.     In providing these responsees, Plaintiff: (a) does not concede the materiality, relevance, or discoverability of the information provided and/or the documents identified; (b) expressly reserves any and all objections to the discoverability and/or admissibility at trial of such information and documents; (c) does not waive or intend to waive any work product, or any other privilege or immunity that otherwise would entitle him to refuse to transmit the information or documents identified herein, or to object to their use for any purpose; and (d) offers them without prejudice to any other issue or argument.

1

3.    As used herein, Plaintiff uses the following terms as outlined in the Definitions and Instructions section of Defendant's First Set of Interrogatories, including: "Plaintiff" or "Mr. Boveri" refers to David Boveri, his counsel, and any consultants, experts, investigators, agents, representatives, or other persons acting on his behalf; the terms "Defendant" and "ConsenSys" refer to defendant ConsenSys, Inc.; the term "Complaint" refers to the Complaint in Case No. 3:19- cv-50226, which was filed by Plaintiff on or about September 12, 2019, in the United States District Court for the Northern District of Illinois; the term "document" includes, in addition to the definitions provided in Federal Rule of Civil Procedure 34, those as outlined by the Defendant.

## INTERROGATORIES

**GENERAL OBJECTION:** Plaintiff hereby OBJECTS to any or each interrogatory to the extend that it is overbroad, vague, overly burdensome, requests irrelevant, immaterial or inadmissible information or information protected by privilege, and/or contains multipart questions in violation of law, rule or regulation. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request. Moreover, Plaintiff does not waive his right to amend any or all of his responses.

## INTERROGATORY NO. 1:

Identify each person you believe to be a current or former ConsenSys employee who you claim discriminated against you on the basis of your alleged actual or perceived disability(ies).

### RESPONSE TO INTERROGATORY NO. 1:

Plaintiff states that Lianna Newman and Kel Kanhirun discriminated against him; he is not currently aware to what extent other parties, including John Wolpert and Alex Kostura, were involved in the offer and withdrawal of the full-time job or to what extent other parties were aware of his disclosed disability or disabilities.

## INTERROGATORY NO. 2:

Identify each disability from which you claim to have suffered at any time during your internship with ConsenSys.

### RESPONSE TO INTERROGATORY NO. 2:

Plaintiff states that the physical disabilities which he claims to have suffered at any time

during his internship with ConsenSys include:

i)  Narcolepsy Type 1 (w/ cataplexy);

ii) Dysautonomia/autonomic dysfunction (including Postural Orthostatic Tachycardia Syndrome);

iii) chronic sinusitis and caused by: ectopic tooth and dentigerous cyst in maxillary sinuses, deviated septum, and concha bullosa.

## INTERROGATORY NO. 3:

Identify each disability from which you claim to have suffered at any time between January 1, 2018 and June 5, 2018.

### RESPONSE TO INTERROGATORY NO. 3:

Plaintiff states that the physical disabilities which he claims to have suffered at any time between January 1, 2018 and June 5, 2018, include:

i)  Narcolepsy Type 1 (w/ cataplexy);

ii) Dysautonomia/autonomic dysfunction (including Postural Orthostatic Tachycardia Syndrome);

iii) chronic sinusitis and caused by: ectopic tooth and dentigerous cyst in maxillary sinuses, deviated septum, and concha bullosa.

## INTERROGATORY NO. 4:

Identify every health care practitioner from whom you have sought treatment, diagnosis, or consultation for any reason other than to receive mental health services since January 1, 2014.

### RESPONSE TO INTERROGATORY NO. 4:

i)  NIU Health Services: various healthcare providers in the clinic. Address: Health Service Center, NIU, DeKalb, IL 60115

ii) Edward Medical Group: **Kristen Mock, M.D., Ronald Feldman, M.D. (retired), and Ketan Morker, M.D.** Address: 954 W State St, Sycamore, IL 60178

iii) Northwestern Medical Group: **Mircea Tudor Iacob M.D., Patrick Simon, M.D., and Farheen Mirza, M.D.** Address: Northwestern Medicine Central DuPage Hospital, 25 N. Winfield Road, Winfield, IL 60190.

iv)    Northwestern Medical Group: emergency, diagnostic, or other services at Northwestern Medicine Kishwaukee Hospital. Address: request records from Central DuPage Hospital (iii, above).

v)    Elite Cardiology Solutions: **Paul Nguyen, M.D.** Address: 2550 Hauser Ross Dr # 325, Sycamore, IL 60178

## INTERROGATORY NO. 5:

Identify each and every request you made to ConsenSys at any time for accommodation of an alleged disability. For each such accommodation request, provide the: (a) date of the request; (b) individual(s) to whom you submitted the request; (c) the means by which you submitted the request (for example: by phone, email, in person, etc.); (d) the exact accommodation that you requested; and (e) whether or not your request was granted.

**OBJECTION:** Plaintiff reiterates and restates each Objection from above, and adds that this Interrogatory requests information subject to privilege, including attorney work product. Further, the incidents of disclosure are so numerous that it is impossible to name them all; the main ones as described in Paragraphs 12.9–12.13 of the Complaint are related here, but Plaintiff reserves the right to supplement this (and every other) Response. Furthermore, the question is overly broad because—as referenced by Paragraph 11.4 in the complaint—the disclosure of disability itself constitutes a formal request for accommodation[1]; the disclosure of disability and request for accommodation both do not require specific language[2]; and expressing concern about his ability to complete a particular job or maintain employment due to a disability is sufficient to constitute a formal request, regardless of whether such disability is mentioned directly or indirectly[3]. This discovery request is so broad and unlimited as to time and scope as to be an unwarranted annoyance, embarrassment, and is especially oppressive because Mr. Boveri requires accommodation for his disability on a daily basis (*e.g.*, such legitimate requests for accommodation could include: adjusting the timing of a meeting, taking a short break during a long work session, the mere reference to his own tiredness or sleepiness, *etc.*). To comply with Defendant's request for every incident of Mr. Boveri "requesting accommodation" as defined above would be an undue burden and expense on the Plaintiff. The request is calculated to annoy

---

[1] See *Barnett v. U.S. Air, Inc.*, 228 F.3d 1105 (9th Cir. 2000)

[2] See, e.g., Schmidt v. Safeway Inc., 864 F. Supp. 991, 997, 3 AD Cas. (BNA) 1141, 1146–47 (D. Or. 1994) ("statute does not require the plaintiff to speak any magic words. . . The employee need not mention the ADA or even the term 'accommodation.'").

[3] See also *Hendricks-Robinson v. Excel Corp.*, 154 F.3d 685, 694, 8 AD Cas. (BNA) 875, 882 (7th Cir. 1998) ("[a] request as straightforward as asking for continued employment is a sufficient request for accommodation"); *Bultemeyer v. Ft. Wayne Community Schs.*, 100 F.3d 1281, 1285, 6 AD Cas. (BNA) 67, 71 (7th Cir. 1996) (an employee with a known psychiatric disability requested reasonable accommodation by stating that he could not do a particular job and by submitting a note from his psychiatrist; *McGinnis v. Wonder Chemical Co.*, 5 AD Cas. (BNA) 219 (E.D. Pa. 1995) (employer on notice that accommodation had been requested because: (1) employee told supervisor that his pain prevented him from working and (2) employee had requested leave under the Family and Medical Leave Act).

4

and harass plaintiff. (See Code of Civ. Proc., § 2030.090 subd. (b); and *Columbia Broadcasting System, Inc. v. Superior Court of Los Angeles County* (1968) 263 Cal.App.2d 12, 19 [69 Cal.Rptr. 348, 352]).

Without waiving any privilege, Plaintiff responds using the aforementioned definition of "request for accommodation" and ONLY for those main requests made during time period as mentioned above:

**RESPONSE TO INTERROGATORY NO. 5:**

a) **date of the request:** as described in the complaint in Paragraphs 12.9–12.13;

b) **individual(s) to whom you submitted the request:** Lianna Newman & Kel Kanhirun;

c) **the means by which you submitted the request (for example: by phone, email, in person, etc.):** by personal phone and Zoom audio/visual conferencing;

(d) **the exact accommodation that you requested:** (See objection against requiring specific language for requesting accommodation;)

(e) **whether or not your request was granted.** As described in Paragraph 11.4 of the Complaint, ConsenSys did not engage in the interactive process for accommodating his disclosed disability during the time frame in Response 5(a)(above). (See objection pertaining to the burdensome number of individual requests that constitute the entirety of his employment at ConsenSys.)

**INTERROGATORY NO. 6:**

Identify the individual(s) who you allege offered you a "full-time position" with ConsenSys.

**OBJECTIONS:** Plaintiff restates the objections, above, and states that this interrogatory does not specify a timeframe for when a "full-time position" could have been offered; as such, Plaintiff makes the following response referring ONLY to the time period of on or about April 4th–April 12th, as described in Paragraphs 12.5–12.8 of the Complaint:

**RESPONSE TO INTERROGATORY NO. 6:**

Liana Newman and Kel Kanhiurn.

INTERROGATORY NO. 7:

Identify each individual who you allege withdrew any offer to you of a "full-time position" with ConsenSys.

OBJECTIONS: Plaintiff restates the objections, above, and limits the time period described in his response to that of the time period described in his objections to interrogatory 6:

RESPONSE TO INTERROGATORY NO. 7:

Liana Newman, and Kel Kanhirun.

INTERROGATORY NO. 8:

Identify each individual who "ordered" or "told" you to "not accurately log or claim overtime hours," as alleged in Paragraphs 11.6 and 12.21 of the Complaint.

RESPONSE TO INTERROGATORY NO. 8:

Kel Kanhirun.

INTERROGATORY NO. 9:


Identify every week during which you allege that you worked more than 40 hours for ConsenSys, and for every such week, identify the number of hours that you worked.

OBJECTIONS. This discovery request is so broad and unlimited as to time and scope as to be an unwarranted annoyance, embarrassment, and is oppressive. To comply with the request at this time would be an undue burden and expense on the plaintiff; since he was instructed not to log his hours, the calculation thereof requires Plaintiff to reconstruct his working hours for a six-month period by analyzing the time stamps of documents including, but not limited to:

i)      workplace communication and emails in the possession of ConsenSys;

ii)     logs of application usage on his personal computer;

iii)    the creation and revision of every document produced during his employment at ConsenSys, including those in the possession of ConsenSys;

iv)    any other such document or communication which directly or indirectly describes or depicts Plaintiff's working hours or duration.

The request is calculated to annoy and harass plaintiff. (See Code of Civ. Proc., § 2030.090 subd. (b); and *Columbia Broadcasting System, Inc. v. Superior Court of Los Angeles County* (1968) 263 Cal.App.2d 12, 19 [69 Cal.Rptr. 348, 352].) Plaintiff reserves the right to supplement this (and every other) Response.

### RESPONSE TO INTERROGATORY NO. 9:

Plaintiff states that discovery of factual evidence pertaining to the precise number of hours worked per week is ongoing. Plaintiff also states that with considerable time and expense, he believes he will be able to collect this factual evidence and calculate an estimation of the number of hours he worked at ConsenSys, in part due to the unique nature of his work on the Hey, Pie! Project, which required him to pilot the collection of so-called "proof-of-work" that could be later used to re-construct the number of hours spent on each and every contribution to a project or team at a later date in situations such as this current interrogatory.

### INTERROGATORY NO. 10:

Identify each and every individual who "instructed [you] to consider [yourself] a full-time employee and to grant [yourself] the same rights and responsibilities given to full-time employees," including "the right to the unlimited time-off policy," as alleged in Paragraph 12.20 of the Complaint.

### RESPONSE TO INTERROGATORY NO. 10:

Kel Kanhirun, Chip Jansen, Vu Nguyen, Justin Guyton, Lianna Newman, and Alex Kostura.

### INTERROGATORY NO. 11:

Identify each and every individual who "approved [your] request and authorized paid-time off for [your] sick leave," as alleged in Paragraph 12.28 of the Complaint.

**OBJECTIONS:** The Plaintiff restates objections as above, with the addition that due to the decentralized nature of ConsenSys, Mr. Boveri belonged to multiple "teams," and as such, he was required to notify a broad and extensive number of people about his absence; documenting each and every individual who he worked with in an official capacity would be an undue burden and expense on the Plaintiff. Given that there was no explicit decision hierarchies or procedures at ConsenSys (as alleged in Paragraph 3 of the

7

Complaint), the process for requesting and approving sick leave was inconsistent and varied widely at ConsenSys, and given that decisions were made at ConsenSys using what is called "rough consensus"[4], it is:

i.)     unclear what the definition of "request" or "approval" is intended by Defendant in this interrogatory, including but not limited to whether that definition is limited to "implicit" or "explicit" approval, which were both valid types of approval at ConsenSys under rough consensus;

ii.)     unclear whether the Defendant intends Plaintiff to identify every possible individual who could have rejected Mr. Boveri's request, but did not, which is a necessary metric in rough consensus to determine whether the threshold of consensus has been met to constitute either implicit or explicit approval;

iii.)     unclear whether the response is intended to include each and every individual who did in actuality approve his request—explicitly or implicitly—within each and every team Mr. Boveri worked for or with in a decentralized capacity at ConsenSys;

iv.)     unclear in what way the answer could be limited to that of only his "primary team" or the team which "hired him" or "paid his salary" because the definition of each of those teams is not consistent and was never clarified during the entirety of Mr. Boveri's employment at ConsenSys.

Using the narrowest possible definition of "primary work team," "approve," and "request," the Plaintiff responds, without prejudice to any other definition, issue, or argument, as follows:

### RESPONSE TO INTERROGATORY NO.11:

As per the ConsenSys employee handbook (2018, pg. 22), approval for sick leave requires an employee "Communicate and collaborate with their team to ensure everyone takes leave without disrupting operations," Mr. Boveri, gave notice and received permission from his primary work team: Kel Kanhirun, Chip Jansen, Vu Nguyen, Justin Guyton; as an employee, Mr. Boveri also received permission for sick leave from Alex Kostura, who was in charge of the DC office of ConsenSys. As a decentralized company without explicit hierarchies, Mr. Boveri worked on many projects and gave notice to his other collaborators, including but not limited to: those at ConsenSys Research such as Carol Xu, ConsenSys Labs, such as Kanwal Jehan, and

---

[4] See, e.g., Russell (2006): "Rough Consensus and Running Code' and the Internet-OSI Standards War" https://www2.cs.duke.edu/courses/common/compsci092/papers/govern/consensus.pdf (Last visited March, 2020).

other collaborators with whom Mr. Boveri worked with at the time of his sick leave.

**INTERROGATORY NO. 12:**

Identify each and every individual who you allege directed you to perform work for ConsenSys during your "sick leave."

**OBJECTIONS:** Plaintiff restates the objections above and adds that since there is no direct reference in the Complaint to any individual specifically directing him to perform work for ConsenSys during his "sick leave," this discovery request as phrased is argumentative. It requires the adoption of an assumption, which is improper.

**RESPONSE TO INTERROGATORY NO. 12:**

Plaintiff does not offer a response to this interrogatory in its current form.

**INTERROGATORY NO. 13:**

State separately by year from January 1, 2018 to the present:

      (a)    Your total earnings from employment, including self-employment, or from services rendered to businesses or entities other than from employment/internship with ConsenSys; and

      (b)    The amount of income you have received in the form of benefits of any nature, from any state, federal, and/or local government welfare or benefit program (including unemployment insurance), or from any entity to which you belong, or pursuant to any voluntary insurance program to which you subscribe and the dates of receipt.

**RESPONSE TO INTERROGATORY NO. 13:**

a)    Since January 1, 2018, Plaintiff states that he has received: approximately $1,800 in income from gigs as a professional musician; approximately $3,724.38 from his work as a freelance consultant or contractor; approximately $10,000 from friends or family as gifts or remittance; and approximately $2,016.27 from his work as a consultant with MetaMesh LLC. Additionally, Plaintiff states that he has received earnings made from reselling used goods but that these earnings did not exceed $500 during the time specified.

b)    Since January 1, 2018, Plaintiff states that he has received the following benefits from any state, federal, and/or local government welfare or benefit program: approximately 9

months worth of federal food assistance (SNAP), totally approximately $1,746 ($194 per month x 9 months); approximately 27 months of state-provided health insurance (Medicaid) and services (value not estimated). Furthermore, Plaintiff states that he did not receive any unemployment insurance for the entirety of the aforementioned time period.

**INTERROGATORY NO. 14:**

Identify each source of income you have received since January 1, 2018. For each source of income, list how much income you have received since January 1, 2018.

**OBJECTION:** This discovery request has, in substance, been previously propounded. (See Interrogatory/Request No. 13.) Continuous discovery into the same matter constitutes oppression, and Plaintiff further objects on that ground. (*Professional Career Colleges v. Superior Court* (1989) 207 Cal.App.3d 490, 493 494 [255 Cal.Rptr. 5, 7-8].)

**RESPONSE TO INTERROGATORY NO. 14:**

In response to this interrogatory, Plaintiff refers both to his objection and to his response to the previous interrogatory.

**INTERROGATORY NO. 15:**

Identify with specificity each category of damages that you allege, including lost income, emotional distress and attorneys' fees, if any. With respect to each category of damages, specifically state the total amount of damages claimed and the basis for the computation of the amount claimed.

**RESPONSE TO INTERROGATORY NO. 15:**

Plaintiff states that the calculation of damages is ongoing and that they will be provided when available.

**INTERROGATORY NO. 16:**

Identify each prospective employer with whom you have sought employment either directly or through a recruiter, staffing agency, or other third party since November 1, 2018, and state the dates on which you met with any of those prospective employers.

**OJECTIONS:** Plaintiff restates objections above and adds that the term "met with" is vague and does not reflect the process of applying to jobs with an employer or engaging with such an employer's representatives in the current digital era of job applications. Plaintiff states that he reserves the right to amend this response and.

10

**RESPONSE TO INTERROGATORY NO. 16:**

Employment was sought with the following employers

i)     Northwestern Medicine. Application submitted on or about April 15, 2019

ii)    Auth0. Application submitted on or about April 18, 2019.

iii)   Ticket.com. Application submitted on or about April 24, 2019.

iv)    Catasys. Application submitted on or about April 24, 2019.

v)     Thirdspace. Application submitted on or about April 29, 2019.

vi)    DEVNET. Application submitted on or about April 24, 2019.

vii)   UBER (corporate, not as a driver). Application submitted on or about May 5, 2019.

viii)  MetaMesh LLC. Organizational work started on or about January 1, 2019; organization of LLC with Mr. Boveri as a member/owner occurred on May 1, 2019.

ix)    Brainfuse tutoring. Application submitted on or about January 13, 2020

x)     Zebra English. Application submitted on or about January 14, 2020.

**INTERROGATORY NO. 17:**

Identify each person whom you expect to call as an expert witness at trial. For each such person:

(a)    State the subject matter on which the expert is expected to testify;

(b)    Set forth the substance of the facts and opinions to which the expert is expected to testify;

(c)    Identify any and all documents prepared by or provided to each expert which relate to the subject matter of his or her testimony;

(d)    Identify each action or proceeding in which such expert witness has previously testified as an expert.

**OBJECTION.** The interrogatory seeks premature disclosure of expert opinion in violation of Code of Civil Procedure sections 2034.210, 2034.220, and 2034.270. The interrogatory also seeks attorney work-product from Mr. Boveri, whose work product as a non-lawyer is afforded the same measure of protection *pro se* as that generated by an attorney (*See Halbach*

11

*v. Boyman* (2005) 377 N.J. Super 202), in violation of Code of Civil Procedure sections 2018.020 and 2018.030. Insofar as this interrogatory seeks to ascertain the identity, writings, and opinions of plaintiff's experts who have been retained or utilized to date solely as an advisor or consultant, it is violative of the work-product privilege. (See *South Tahoe Public Utilities District v. Superior Court* (1979) 90 Cal.App.3d 135 [154 Cal.Rptr. 1]; *Sheets v. Superior Court* (1967) 257 Cal.App.2d 1 [64 Cal.Rptr. 753]; *and Sanders v. Superior Court,* (1973) 34 Cal.App.3d 270 [109 Cal.Rptr. 770].)

**RESPONSE TO INTERROGATORY NO. 17:**

Plaintiff states he has not decided on which, if any, expert witnesses may be called at trial.

**INTERROGATORY NO. 18:**

Identify each person you believe to be a current or former ConsenSys employee with whom you have communicated since December 6, 2018 concerning this lawsuit and/or the allegations contained in the Complaint.

**OBJECTION:** This discovery request is so broad and unlimited as to time and scope as to be an unwarranted annoyance, embarrassment, and is oppressive. To comply with the request would be an undue burden and expense on the plaintiff. The request is calculated to annoy and harass plaintiff. (See Code of Civ. Proc., § 2030.090 subd. (b); and Columbia Broadcasting System, Inc. v. Superior Court of Los Angeles County (1968) 263 Cal.App.2d 12, 19 [69 Cal.Rptr. 348, 352].)

**RESPONSE TO INTERROGATORY NO. 18:**

**Current Employees.** Plaintiff states that as of March 5 2020, he has not discussed the lawsuit with any current ConsenSys employee since December 6, 2018. Plaintiff also states that since December 6, 2018, he has not had any discussions concerning the claims from Paragraphs 11.1–11.6 of the Complaint with any active employee of ConsenSys, or with any former employee concurrent with such individual's employment by ConsenSys.

**Former Employees.** Plaintiff states he has discussed he was filing a lawsuit against Defendant with the following former employees of ConsenSys: Marc Lijour, Sam Pospi, Jim Maricondo, Joaquin Moreno, Micah Dameron, Elizabeth Gottlieb, Griffin Owens, and Mahoney Turnbull. Plaintiff also states that after he was laid off, he had many discussions with former employees about the negative workplace culture at ConsenSys, which was by then public knowledge, as it had been reported by the media in publications such as, but not limited to, the December 2018 print edition of Forbes Magazine (also cited in Paragraph 12.4 of the complaint).

12

**INTERROGATORY NO. 19:**

Identify each person who assisted in the preparation of your responses to these Interrogatories.

**RESPONSE TO INTERROGATORY NO. 19:**

Plaintiff states that no person has assisted him in the preparation of his responses to these interrogatories.

Dated: DeKalb IL
March 9, 2020

By: _David Boveri_

David Boveri, *pro se*
3230 Sycamore Rd., Ste. 168
DeKalb IL, 60115

State of Texas, County of Dallas
Subscribed and sworn before me
by David Boveri on 03/10/2020

JEREMY J. BROUGH
ID NUMBER
131689537
COMMISSION EXPIRES
AUGUST 20, 2022

Jeremy J Brough
Electronic Notary Public
Notarized online using audio-video communication

13

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 9thday of March, 2020, he caused true and correct copies of the foregoing Plaintiff's First Set of Objections and Responses to Defendant's First Set of Interrogatories to be served on Defendant's attorneys, via electronic mail (ScottCooper@dwt.com and chaet@wbs-law.com).

David Boveri

David Boveri, *pro se*
3230 Sycamore Rd., Ste. #168
DeKalb, IL 60115
(847) 461-9235

# EXHIBIT F

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| David Boveri, | | |
| | Plaintiff, | |
| v. | | Case No. 3:19-cv-50226 (SLE) |
| ConsenSys, Inc. | | |
| | Defendant. | |

**PLAINTIFF'S OBJECTIONS AND RESPONSES**
**TO DEFENDANT CONSENSYS, INC.'S,**
**FIRST SET OF DOCUMENT REQUESTS**

**PROPOUNDING PARTY:** CONSENSYS, INC.
**RESPONDENT:** DAVID BOVERI, PRO SE
**SET NUMBER:** ONE

**DEFENDANT'S FIRST SET OF DOCUMENT REQUESTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff David

Boveri, *pro se*. ("Mr. Boveri" or "Plaintiff"), hereby provides his initial responses to Defendant

ConsenSys, Inc.'s ("ConsenSys" or "Defendant") First set of requests for Documents for copying

and review. The providing of these documents shall be deemed continuing, and the responses are

to be seasonably amended or supplemented as provided in Rule 26(e) of the Federal Rules of

Civil Procedure.

**PRELIMINARY STATEMENT**

1.      Plaintiff's discovery of factual evidence supporting the claims of the Complaint is

ongoing. Plaintiff will seasonably supplement this response if and when he becomes aware of the

existence of additional responsive information or documents that are subject to disclosure pursuant to Rule 26(a) and Rule 33 of the Federal Rules of Civil Procedure, and pursuant to the Standing Order for the Mandatory Initial Discovery Pilot Project ("Standing Order") of the Northern District of Illinois.

2.     In providing these responses, Plaintiff: (a) does not concede the materiality, relevance, or discoverability of the information provided and/or the documents identified; (b) expressly reserves any and all objections to the discoverability and/or admissibility at trial of such information and documents; (c) does not waive or intend to waive any work product, or any other privilege or immunity that otherwise would entitle him to refuse to transmit the information or documents identified herein, or to object to their use for any purpose; and (d) offers them without prejudice to any other issue or argument.

3.     As used herein, Plaintiff uses the following terms as outlined in the Definitions and Instructions section of Defendant's First Set of Interrogatories, including: "Plaintiff" or "Mr. Boveri" refers to David Boveri, his counsel, and any consultants, experts, investigators, agents, representatives, or other persons acting on his behalf; the terms "Defendant" and "ConsenSys" refer to defendant ConsenSys, Inc.; the term "Complaint" refers to the Complaint in Case No. 3:19- cv-50226, which was filed by Plaintiff on or about September 12, 2019, in the United States District Court for the Northern District of Illinois; the term "document" includes, in addition to the definitions provided in Federal Rule of Civil Procedure 34, those as outlined by the Defendant.

## DOCUMENT REQUESTS

**GENERAL OBJECTION:** Plaintiff hereby OBJECTS to any or each document request to the extend that it is overbroad, vague, overly burdensome, requests irrelevant, immaterial or inadmissible information or information protected by privilege, and/or contains multipart questions in violation of law, rule or regulation. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request. Moreover, Plaintiff does not waive his right to amend any or all of his responses.

## REQUEST NO. 1:

All documents used as a source or background information and/or that formed the basis for your Answers to Defendant's First Set of Interrogatories, or for your initial disclosures under Rule 26(a) of the Federal Rules of Civil Procedure.

**OBJECTION.** The document request seeks attorney work-product from Mr. Boveri, whose work product as a non-lawyer is afforded the same measure of protection *pro se* as that generated by an attorney (*See Halbach v. Boyman* (2005) 377 N.J. Super 202), in violation of Code of Civil Procedure sections 2018.020 and 2018.030. Insofar as this seeks to ascertain

the identity, writings, and opinions of plaintiff's experts who have been retained or utilized to date solely as an advisor or consultant, it is violative of the work-product privilege. (See *South Tahoe Public Utilities District v. Superior Court* (1979) 90 Cal.App.3d 135 [154 Cal.Rptr. 1]; *Sheets v. Superior Court* (1967) 257 Cal.App.2d 1 [64 Cal.Rptr. 753]; *and Sanders v. Superior Court*, (1973) 34 Cal.App.3d 270 [109 Cal.Rptr. 770].)

**RESPONSE TO REQUEST NO. 1:**

(None provided)

**REQUEST NO. 2:**

All documents used, relied upon, or referenced to draft the Complaint.

**OBJECTION.** The document request seeks attorney work-product from Mr. Boveri, whose work product as a non-lawyer is afforded the same measure of protection *pro se* as that generated by an attorney (*See Halbach v. Boyman* (2005) 377 N.J. Super 202), in violation of Code of Civil Procedure sections 2018.020 and 2018.030. Insofar as this interrogatory seeks to ascertain the identity, writings, and opinions of plaintiff's experts who have been retained or utilized to date solely as an advisor or consultant, it is violative of the work-product privilege. (See *South Tahoe Public Utilities District v. Superior Court* (1979) 90 Cal.App.3d 135 [154 Cal.Rptr. 1]; *Sheets v. Superior Court* (1967) 257 Cal.App.2d 1 [64 Cal.Rptr. 753]; *and Sanders v. Superior Court*, (1973) 34 Cal.App.3d 270 [109 Cal.Rptr. 770].)

**RESPONSE TO REQUEST NO. 2:**

Plaintiff states that he is complying with document requests in compliance with the Standing Order, and that as such, many or all of the responsive documents used in drafting the complaint are included, but that he has not included any work products subject to privilege objected to above.

**REQUEST NO. 3:**

All documents concerning, reflecting, or related to any offer of employment or internship that you received from ConsenSys.

**RESPONSE TO REQUEST NO. 3:**

Responding party complies with this request by producing documents concerning, reflecting, or related to any offer of employment or internship that he received from ConsenSys.

3

**REQUEST NO. 4:**

All documents concerning, reflecting, or related to ConsenSys's rejection of your candidacy or application for employment or internship with ConsenSys.

**RESPONSE TO REQUEST NO. 4:**

Responding party complies with this request by providing documents reflecting, or related to ConsenSys's rejection of his candidacy or application for employment or internship with ConsenSys. Plaintiff states that since discovery is ongoing, he will be providing any new documents discovered to Defendant in a timely manner as mandated by the Standing Order. Many of these documents, however, are within Defendant's possession and have not yet been supplied to Plaintiff.

**REQUEST NO. 5:**

All documents (including but not limited to emails sent or received by or from either your ConsenSys-provided email address or any personal email address you have used since the start of your internship(s) with ConsenSys, text messages, letters, or instant messages on any social networking forum) constituting, reflecting, or referring to communications supporting or concerning your allegations that you were subjected to discrimination during or before your internship(s) with ConsenSys.

**RESPONSE TO REQUEST NO. 5:**

Responding party complies with this request by providing documents constituting, reflecting, or referring to communications supporting or concerning his allegations that he were subjected to discrimination during or before his internship(s) with ConsenSys. Plaintiff states that since discovery is ongoing, he will be providing any new documents discovered to Defendant in a timely manner as mandated by the Standing Order. Many of these documents, however, are within Defendant's possession and have not yet been supplied to Plaintiff.

**REQUEST NO. 6:**

All documents (including but not limited to emails sent or received by or from either your ConsenSys-provided email address or any personal email address you have used since the start of your internship(s) with ConsenSys, text messages, letters, or instant messages on any social networking forum) constituting, reflecting, or referring to communications supporting or concerning your allegations that you requested that ConsenSys provide you with a reasonable accommodation for a disability.

OBJECTION: This discovery request has, in substance, been previously propounded. (See Document Request No. 5.) Continuous discovery into the same matter constitutes oppression, and Plaintiff further objects on that ground. (*Professional Career Colleges v. Superior Court* (1989) 207 Cal.App.3d 490, 493 494 [255 Cal.Rptr. 5, 7-8].)

**RESPONSE TO REQUEST NO. 6:**

In response to this request, Plaintiff refers both to his objection and to his response to the previous request.

REQUEST NO. 7:

All documents (including but not limited to emails sent or received by or from either your ConsenSys-provided email address or any personal email address you have used since the start of your internship(s) with ConsenSys, text messages, letters, or instant messages on any social networking forum) constituting, reflecting, or referring to communications supporting or concerning your allegations that you worked more than 40 hours in a workweek.

OBJECTION: This discovery request has, in substance, been previously propounded. (See Interrogatory No. 9.) Continuous discovery into the same matter constitutes oppression, and Plaintiff further objects on that ground. (*Professional Career Colleges v. Superior Court* (1989) 207 Cal.App.3d 490, 493 494 [255 Cal.Rptr. 5, 7-8].)

**RESPONSE TO REQUEST NO. 7:**

Responding party complies with this request by referring to his objection and to his response to Interrogatory No. 9; Plaintiff states that he has included all of the currently discovered documents that are within his possession that can be used at a later time to calculate an estimation of the number of hours worked above 40; Plaintiff further states that many of the documents necessary for this calculation still in Defendant's possession.

REQUEST NO. 8:

All documents (including but not limited to emails sent or received by or from either your ConsenSys-provided email address or any personal email address you have used since the start of your internship(s) with ConsenSys, text messages, letters, or instant messages on any social networking forum) constituting, reflecting, or referring to communications supporting or concerning your allegations that you were discouraged from accurately recording the hours you worked during your internship for ConsenSys.

**RESPONSE TO REQUEST NO. 8:**

Responding party fully complies with this request by stating that he does not have any

5

knowledge of any constituting, reflecting, or referring to communications supporting or concerning his allegations that he was discouraged from accurately recording the hours he worked during his internship for ConsenSys. Plaintiff also states that since discovery is ongoing, any documents or witness pertaining to said allegations will be provided to Defendant in pursuant to the Standing Order.

## REQUEST NO. 9:

All affidavits or other recorded statements obtained from any person or witness which relate to any of the facts underlying your claims against Defendant.

### RESPONSE TO REQUEST NO. 9:

Responding party fully complies with this request by stating he does not currently have or know of any affidavits or other recorded statements obtained from any person or witness which relate to any of the facts underlying his claims against Defendant.

## REQUEST NO. 10

All documents concerning any individual you expect to call as an expert witness at trial, including but not limited to:

(a) all documents containing any conclusions drawn or opinions reached by the expert in connection with this matter, including any report prepared;

(b) all documents indicating or reflecting the basis for any conclusions drawn or opinions reached by the expert in connection with this matter;

(c) all documents tending to support or to qualify, contradict or refute any conclusions drawn or opinions reached by the expert in connection with this matter;

(d) all documents reviewed by the expert in the course of his or her work on this matter;

(e) all charts, graphs, summaries and other demonstrative evidence prepared in connection with the expert's anticipated testimony; and

(f) all curriculum vitae or resume prepared or used by the expert during the preceding two years.

### RESPONSE TO REQUEST NO. 10:

OBJECTION. The document request seeks attorney work-product from Mr. Boveri, whose work product as a non-lawyer is afforded the same measure of protection *pro se* as that generated by an attorney (*See Halbach v. Boyman* (2005) 377 N.J. Super 202), in violation of

Code of Civil Procedure sections 2018.020 and 2018.030. Insofar as this interrogatory seeks to ascertain the identity, writings, and opinions of plaintiff's experts who have been retained or utilized to date solely as an advisor or consultant, it is violative of the work-product privilege. (See *South Tahoe Public Utilities District v. Superior Court* (1979) 90 Cal.App.3d 135 [154 Cal.Rptr. 1]; *Sheets v. Superior Court* (1967) 257 Cal.App.2d 1 [64 Cal.Rptr. 753]; *and Sanders v. Superior Court*, (1973) 34 Cal.App.3d 270 [109 Cal.Rptr. 770].)

**RESPONSE TO REQUEST NO. 10:**

Responding party complies with this request by stating he has not decided on which, if any, expert witnesses may be called at trial.

**REQUEST NO. 11:**

To the extent not already produced in response to the foregoing document requests, all documents and data compilations on which you rely to support your claims.

**OBJECTION:** The document request could be construed as seeking attorney work-product from Mr. Boveri, whose work product as a non-lawyer is afforded the same measure of protection *pro se* as that generated by an attorney (*See Halbach v. Boyman* (2005) 377 N.J. Super 202), in violation of Code of Civil Procedure sections 2018.020 and 2018.030. Insofar as this interrogatory seeks to ascertain the identity, writings, and opinions of plaintiff's experts who have been retained or utilized to date solely as an advisor or consultant, it is violative of the work-product privilege. (See *South Tahoe Public Utilities District v. Superior Court* (1979) 90 Cal.App.3d 135 [154 Cal.Rptr. 1]; *Sheets v. Superior Court* (1967) 257 Cal.App.2d 1 [64 Cal.Rptr. 753]; *and Sanders v. Superior Court*, (1973) 34 Cal.App.3d 270 [109 Cal.Rptr. 770].)

**RESPONSE TO REQUEST NO. 11:**

Responding party complies with this request by including all documents and data compilations on which he has currently assembled to rely on to support his claims (excepting those as described in his objection), and that any further documents and data compilations which are found during ongoing discovery will be provided to Defendant in a timely manner pursuant to the Standing Order (excepting those as described in his objection).

**REQUEST NO. 12:**

All documents concerning, pertaining, or referring to any formal or informal complaints made by you to or about ConsenSys referring to or concerning any alleged unlawful discrimination, wage and hour practices, or alleged failure to accommodate a disability.

**OBJECTION:** The Plaintiff restates objections as above, with the addition that due to the decentralized nature of ConsenSys, it is unclear as to what constitutes a formal or informal complaint; given that there was no explicit hierarchy or decision making structure at ConsenSys and that each and every employee was empowered to make decisions without explicit oversight or management: differentiating between a formal or informal complaint from a social conversation involving "complaining" would require documenting each and every utterance made by Mr. Boveri to each and every other employee at ConsenSys that could be construed to refer to or concern any alleged unlawful discrimination, wage and hour practices, or alleged failure to accommodate a disability; documenting such utterances with each and every individual who he worked with in an official capacity would be an undue burden and expense on the Plaintiff. Given that there was no explicit decision-making hierarchies or procedures at ConsenSys (as alleged in Paragraph 3 of the Complaint), the process for informally or formally providing a complaint was not documented, and has not been defined clearly enough to be responded to in full.

**OBJECTION:** Plaintiff restates the objections above and adds that since there is no direct Reference to any formal or informal complaints made by him to or about ConsenSys referring to or concerning any alleged unlawful discrimination, wage and hour practices, or alleged failure to accommodate a disability, this discovery request for documents as phrased is argumentative. It requires the adoption of an assumption, which is improper.

Using the narrowest possible definition of "formal," "informal," and "complaint," the Plaintiff responds, without prejudice to any other definition, issue, or argument, as follows:

**RESPONSE TO REQUEST NO. 12:**

Responding party complies with this request by stating that he is not aware of any documents that exist retaining to whatever may constitute a formal or informal complaint; Plaintiff further states, in the form of a comment, that he has included some documents which reference "Mesh Matters," which was one way that the decentralized organizational structure of ConsenSys dealt with complaints, though he is not sure whether this constitutes a formal or informal process for making complaints; the existence of which, however, demonstrates the ineffective and/or poorly documented procedures for filing formal complaints at ConsenSys.

REQUEST NO. 13:

All documents (including but not limited to emails sent or received by or from either your ConsenSys email address or any personal email address you have used since the start of your employment with ConsenSys, text messages, letters, or instant messages or personal messages on any social networking forum) that relate in any way to your claims in this action, or that otherwise relate

to ConsenSys.

**OBJECTION:** The document request seeks attorney work-product from Mr. Boveri, whose work product as a non-lawyer is afforded the same measure of protection *pro se* as that generated by an attorney (*See Halbach v. Boyman* (2005) 377 N.J. Super 202), in violation of Code of Civil Procedure sections 2018.020 and 2018.030. Insofar as this interrogatory seeks to ascertain the identity, writings, and opinions of plaintiff's experts who have been retained or utilized to date solely as an advisor or consultant, it is violative of the work-product privilege. (See *South Tahoe Public Utilities District v. Superior Court* (1979) 90 Cal.App.3d 135 [154 Cal.Rptr. 1]; *Sheets v. Superior Court* (1967) 257 Cal.App.2d 1 [64 Cal.Rptr. 753]; *and Sanders v. Superior Court*, (1973) 34 Cal.App.3d 270 [109 Cal.Rptr. 770].)

**OBJECTION:** This document request is so broad and unlimited as to time and scope as to be an unwarranted annoyance, embarrassment, and is oppressive. To comply with the request would be an undue burden and expense on the plaintiff. The request is calculated to annoy and harass plaintiff. (See Code of Civ. Proc., § 2030.090 subd. (b); and Columbia Broadcasting System, Inc. v. Superior Court of Los Angeles County (1968) 263 Cal.App.2d 12, 19 [69 Cal.Rptr. 348, 352].)

**RESPONSE TO REQUEST NO. 13:**

The responding party complies with this request by stating that he has provided and will continue to provide upon further discovery any and all documents that are in his possession that relate to his claims in this action, such that they are relevant and that they are required to be provided pursuant to the Standing Order; Plaintiff further states that he has and will continue to provide any and all documents found in discovery relating to ConsenSys that are relevant and required to provided pursuant to the Standing Order.

Plaintiff also states that he will continue to provide any and all documents in a timely manner that he is made aware of during discovery that are relevant to the claims and defenses in this case, including both favorable and unfavorable information, pursuant to the Standing Order, and in accordance with section A(2)(e) of the *Mandatory Initial Discovery Users' Manual for the Northern District of Illinois*.

**REQUEST NO. 14:**

To the extent not already produced, any and all documents relating or referring to the

allegations in the Complaint.

OBJECTION: The document request seeks attorney work-product from Mr. Boveri, whose work product as a non-lawyer is afforded the same measure of protection *pro se* as that generated by an attorney (*See Halbach v. Boyman* (2005) 377 N.J. Super 202), in violation of Code of Civil Procedure sections 2018.020 and 2018.030. Insofar as this interrogatory seeks to ascertain the identity, writings, and opinions of plaintiff's experts who have been retained or utilized to date solely as an advisor or consultant, it is violative of the work-product privilege. (See *South Tahoe Public Utilities District v. Superior Court* (1979) 90 Cal.App.3d 135 [154 Cal.Rptr. 1]; *Sheets v. Superior Court* (1967) 257 Cal.App.2d 1 [64 Cal.Rptr. 753]; *and Sanders v. Superior Court*, (1973) 34 Cal.App.3d 270 [109 Cal.Rptr. 770].)

OBJECTION: This document request is so broad and unlimited as to time and scope as to be an unwarranted annoyance, embarrassment, and is oppressive. To comply with the request would be an undue burden and expense on the plaintiff. The request is calculated to annoy and harass plaintiff. (See Code of Civ. Proc., § 2030.090 subd. (b); and Columbia Broadcasting System, Inc. v. Superior Court of Los Angeles County (1968) 263 Cal.App.2d 12, 19 [69 Cal.Rptr. 348, 352].)

OBJECTION: This discovery request has, in substance, been previously propounded. (See Document Request No. 13.) Continuous discovery into the same matter constitutes oppression, and Plaintiff further objects on that ground. (*Professional Career Colleges v. Superior Court* (1989) 207 Cal.App.3d 490, 493 494 [255 Cal.Rptr. 5, 7-8].)

**RESPONSE TO REQUEST NO. 14:**

The responding party complies with this request by referring to his objections and by referring to his response to document request No. 13

**REQUEST NO. 15:**

    All documents concerning, reflecting, or referring to your attendance records, including any leave of absence taken or applied for, any paid time off, or any hours worked during your internship with ConsenSys.

OBJECTION: This discovery request has, in substance, been previously propounded. (See Interrogatory No. 9 and Document Request No. 7.) Continuous discovery into the same matter constitutes oppression, and Plaintiff further objects on that ground. (*Professional Career Colleges v. Superior Court* (1989) 207 Cal.App.3d 490, 493 494 [255 Cal.Rptr. 5, 7-8].)

**RESPONSE TO REQUEST NO. 15:**

Responding party complies with this request by stating that he has replied to this request already and is tired of answering the same question and that his response can be found both in his objection and in the discovery requests mentioned in said objection.

**REQUEST NO. 16:**

All documents concerning or supporting your alleged entitlement to damages or any other monetary relief sought including, without limitation, any calculations thereof.

OBJECTION: This discovery request has, in substance, been previously propounded. (See Interrogatory No. 15) Continuous discovery into the same matter constitutes oppression, and Plaintiff further objects on that ground. (*Professional Career Colleges v. Superior Court* (1989) 207 Cal.App.3d 490, 493 494 [255 Cal.Rptr. 5, 7-8].)

RESPONSE TO REQUEST NO. 16:

Responding party complies with this request by referring to his objection, his weariness at answering the same questions as described in his previous response, and by stating that he does not have any documents that are substantively different than the calculations as provided in both his Rule 26(a) Initial Disclosures and his Mandatory Initial Discovery Responses;

Plaintiff further states that nevertheless, he has provided in good faith all the documents he has in relation to the calculation of damages for missed wages, which he believes will reaffirm that they are not substantively different from those calculations already mentioned, above, and that many of these documents may, in fact, be unhelpful (Mr. Boveri himself finds the screenshots of calculations he took before the originals were lost computer error particularly unhelpful).

**REQUEST NO. 17:**

All documents concerning, pertaining, or relating to any search for employment in which you have engaged since November 1, 2018, including, but not limited to all past and current resumes, recommendations, cover letters, reference lists, or communications with recruiters, employment agencies, prospective employers, prospective clients or customers, or professional contacts since November 1, 2018.

RESPONSE TO REQUEST NO. 17:

Responding party complies with this order by stating that he is providing extensive documentation of his digital job search to Defendant in compliance to this Document, and that the discovery process for digital documents for this specific request is ongoing and will be provided to Defendant as they are available.

11

<u>**REQUEST NO. 18:**</u>

All documents concerning, pertaining, or relating to any job postings you have viewed or applied for, including but not limited to Internet-based searches for job postings or job postings listed in the classified section of a newspaper, magazine, or trade periodical since November 1, 2018.

**OBJECTION:** This discovery request has, in substance, been previously propounded. (See Interrogatory No. 16 and Document Request No. 17) Continuous discovery into the same matter constitutes oppression, and Plaintiff further objects on that ground. (*Professional Career Colleges v. Superior Court* (1989) 207 Cal.App.3d 490, 493 494 [255 Cal.Rptr. 5, 7-8].)

**OBJECTION:** This discovery request is so broad and unlimited as to time and scope as to be an unwarranted annoyance, embarrassment, and is oppressive. To comply with the request would be an undue burden and expense on the plaintiff. The request is calculated to annoy and harass plaintiff. (See Code of Civ. Proc., § 2030.090 subd. (b); and Columbia Broadcasting System, Inc. v. Superior Court of Los Angeles County (1968) 263 Cal.App.2d 12, 19 [69 Cal.Rptr. 348, 352].)

**RESPONSE TO REQUEST NO. 18:**

Responding party complies with this request by referring to his objection and his response to Document Request No. 17. Plaintiff also states that he has heretofore included only those documents which he believed to be most relevant to searching for a job, pursuant to the Standing Order, and has not intentionally excluded any documents concerning, pertaining, or relating to any job postings which he has viewed that he thought would be relevant to any of Defendant's claims or defenses.

<u>**REQUEST NO. 19:**</u>

All documents concerning, pertaining, or relating to any employment interviews you have attended or otherwise participated in since November 1, 2018.

**OBJECTION:** This discovery request has, in substance, been previously propounded. (See Interrogatory No. 16, and Document Requests No. 17 and 18) Continuous discovery into the same matter constitutes oppression, and Plaintiff further objects on that ground. (*Professional Career Colleges v. Superior Court* (1989) 207 Cal.App.3d 490, 493 494 [255 Cal.Rptr. 5, 7-8].)

**RESPONSE TO REQUEST NO. 19:**

Responding party complies with this request by referring to his objection to this request and to

the Interrogatories and Document Requests referenced therein.

**REQUEST NO. 20:**

All documents concerning, pertaining, or relating to any offers of employment that you have received (whether communicated orally or in writing, and whether formal or informal) since November 1, 2018.

> **OBJECTION:** This discovery request has, in substance, been previously propounded. (See Interrogatory No. 16, and Document Requests No. 17, 18, and 19) Continuous discovery into the same matter constitutes oppression, and Plaintiff further objects on that ground. (*Professional Career Colleges v. Superior Court* (1989) 207 Cal.App.3d 490, 493 494 [255 Cal.Rptr. 5, 7-8].)

> **RESPONSE TO REQUEST NO. 20:**

> Responding party complies with this request by referring to his objection to this request and to the Interrogatories and Document Requests referenced therein.

**REQUEST NO. 21:**

All documents concerning, pertaining, or relating to any offers to pay you money or other compensation in exchange for the performance of services since November 1, 2018.

> **OBJECTION:** This discovery request has, in substance, been previously propounded. (See Interrogatory No. 16, and Document Requests No. 17, 18, 19, and 20) Continuous discovery into the same matter constitutes oppression, and Plaintiff further objects on that ground. (*Professional Career Colleges v. Superior Court* (1989) 207 Cal.App.3d 490, 493 494 [255 Cal.Rptr. 5, 7-8].)

> **RESPONSE TO REQUEST NO. 21:**

> Responding party complies with this request by referring to his objection to this request and to the Interrogatories and Document Requests referenced therein.

**REQUEST NO. 22:**

All documents concerning, pertaining, or relating to your income or income substitutes, including, but not limited to, W-2 forms, federal and state income tax returns filed by you (including all forms, attachments and schedules thereto), individually or jointly, pay stubs, benefits booklets, forms concerning pertaining or relating to your receipt of unemployment insurance benefits, and other records of compensation for the years 2018 through the present.

OBJECTION. Information regarding tax returns, including income tax returns, W-2 and/or 1099 forms, is privileged under federal and state law. (See *Webb v. Standard Oil Co.* (1957) 49 Cal.2d 509 [319 P.2d 621]; *Brown v. Superior Court* (1977) 71 Cal.App.3d 141 [139 Cal.Rptr. 327]; *Aday v. Superior Court* (1961) 55 Cal.2d 789 [13 Cal.Rptr. 415]; *Schnabel v. Superior Court* (1993) 5 Cal.4th 704 [21 Cal.Rptr.2d 200].) This privilege is to be broadly construed. (*Sav-on Drugs, Inc. v. Superior Court* (1975) 15 Cal.3d 1, 6-7 [123 Cal.Rptr. 283, 287].)

OBJECTION: This discovery request has, in substance, been previously propounded. (See Interrogatories No. 13 and 14.) Continuous discovery into the same matter constitutes oppression, and Plaintiff further objects on that ground. (*Professional Career Colleges v. Superior Court* (1989) 207 Cal.App.3d 490, 493 494 [255 Cal.Rptr. 5, 7-8].)

**RESPONSE TO REQUEST NO. 22:**

Responding party complies with this request by referring to his objection to this request and to the Interrogatories referenced therein.

<u>**REQUEST NO. 23:**</u>

All documents concerning, pertaining, or relating to any medical treatment that you have received since January 1, 2014, including but not limited to all invoices for medical visits or services rendered, all drug prescriptions and bills, invoices, or receipts for same, and all calendar entries (physical or electronic) containing medical appointments.

OBJECTION: This discovery request has, in substance, been previously propounded. (See HIPAA authorization forms already provided by Defendant.) Continuous discovery into the same matter constitutes oppression, and Plaintiff further objects on that ground. (*Professional Career Colleges v. Superior Court* (1989) 207 Cal.App.3d 490, 493 494 [255 Cal.Rptr. 5, 7-8].)

OBJECTION: This discovery request is so broad and unlimited as to time and scope as to be an unwarranted annoyance, embarrassment, and is oppressive. To comply with the request would be an undue burden and expense on the plaintiff. The request is calculated to annoy and harass plaintiff. (See Code of Civ. Proc., § 2030.090 subd. (b); and Columbia Broadcasting System, Inc. v. Superior Court of Los Angeles County (1968) 263 Cal.App.2d 12, 19 [69 Cal.Rptr. 348, 352].)

**RESPONSE TO REQUEST NO. 23:**

Plaintiff states that he has complied with this request, and that he has already submitted HIPAA authorization for the retrieval of medical records to Defendant as part of the Mandatory Initial

Discovery Project (MIDP); Plaintiff also states that he provided these authorization forms as mandated by the Court to during the initial status hearing on December 2nd, 2019; Plaintiff states that he provided these disclosures by the Court's December 9, 2019, deadline. Furthermore, for any information or documents requested that have not mandated during the initial status hearing by the Court to be included in the authorizations, Plaintiff responds to this request by referring to his objections this request.

### REQUEST NO. 24:

All documents identified and/or relied upon in preparing responses to Defendant's First Set of Interrogatories.

**OBJECTION.** The document request seeks attorney work-product from Mr. Boveri, whose work product as a non-lawyer is afforded the same measure of protection *pro se* as that generated by an attorney (*See Halbach v. Boyman* (2005) 377 N.J. Super 202), in violation of Code of Civil Procedure sections 2018.020 and 2018.030. Insofar as this interrogatory seeks to ascertain the identity, writings, and opinions of plaintiff's experts who have been retained or utilized to date solely as an advisor or consultant, it is violative of the work-product privilege. (See *South Tahoe Public Utilities District v. Superior Court* (1979) 90 Cal.App.3d 135 [154 Cal.Rptr. 1]; *Sheets v. Superior Court* (1967) 257 Cal.App.2d 1 [64 Cal.Rptr. 753]; *and Sanders v. Superior Court*, (1973) 34 Cal.App.3d 270 [109 Cal.Rptr. 770].)

**RESPONSE TO REQUEST NO. 24:**

Responding party complies with the request by referring to his objection to this request and by stating that he has included all those documents which he believes are required by the Standing Order; Plaintiff also states that discovery is ongoing, and he will continue to provide Defendant with any and all documents discovered that he is obligated to provide pursuant to the Standing Order.

Dated: March 9, 2020

By: *David Boveri*

State of Texas, County of Dallas
Subscribed and sworn before me
by David Boveri on 03/10/2020

David Boveri, pro se
3230 Sycamore Rd., Ste. #168
DeKalb IL, 60115
(847) 732-9849

**JEREMY J. BROUGH**
NOTARY PUBLIC
STATE OF TEXAS
ID NUMBER
131689537
COMMISSION EXPIRES
AUGUST 20, 2022

Jeremy J Brough
Electronic Notary Public
Notarized online using audio-video communication

15

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 9th day of March, 2020, he caused true and correct copies of the foregoing Plaintiff's First Set of Objections and Responses to Defendant's First Set of Document Requests to be served on Defendant's attorneys, via electronic mail (ScottCooper@dwt.com and chaet@wbs-law.com).


*David Boveri*

David Boveri, *pro se*
3230 Sycamore Rd. Ste. #168
DeKalb IL, 60115
(847) 732-9849

16