# EXHIBIT A

| | |
|---|---|
| **From:** | daiv b. <daiv.boveri@gmail.com> |
| **Sent:** | Monday, November 9, 2020 9:00 AM |
| **To:** | Cooper, Scott |
| **Subject:** | Re: Boveri / ConsenSys amended response to defendant's interrogatories |
| **Attachments:** | BOVERI 0235.zip; CONSENSYS -- Plaintiff's Amended Response to Defendant's First Set of Document Requests Nov 5.pdf |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

**[EXTERNAL]**

Attached is the amended response to document production as well as BOVERI 0235, which is referenced in same. As requested, attached is a link to a Google Drive zip file entitled BOVERI02.zip that contains the second document production (Boveri 98–234).

📄 **BOVERI02.zip**

David Boveri

On Fri, Nov 6, 2020 at 1:37 PM Cooper, Scott <ScottCooper@dwt.com> wrote:

> Mr. Boveri,
>
> Thanks – I'll review. What about the completion of your document production?
>
> Separately, the file you used to share your second document production (Boveri 98 – 234) is not available on Logikcull. Please recirculate those documents – preferably as an attachment to an email, but if you'd like to produce via Logikcull, that's fine.
>
> Thank you.
>
> **From:** daiv b. <daiv.boveri@gmail.com>
> **Sent:** Friday, November 06, 2020 1:06 AM
> **To:** Cooper, Scott <ScottCooper@dwt.com>
> **Cc:** Sack, Laura <LauraSack@dwt.com>; Kerry Saltzman <Saltzman@wbs-law.com>
> **Subject:** Boveri / ConsenSys amended response to defendant's interrogatories

1

**[EXTERNAL]**

Mr. Cooper,

Attached is the amended responses to defendant's first set of interrogatories to address the deficiencies as mandated by the court on October 22, 2020.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| David Boveri,<br><br>      Plaintiff,<br><br>v.<br><br>ConsenSys, Inc.<br><br>      Defendant. | Case No. 3:19-cv-50226 (SLE) |

**PLAINTIFF'S AMENDED OBJECTIONS AND RESPONSES
TO DEFENDANT CONSENSYS, INC.'S,
<u>FIRST SET OF DOCUMENT REQUESTS</u>**

**PROPOUNDING PARTY:** CONSENSYS, INC.
**RESPONDENT:** DAVID BOVERI, PRO SE
**SET NUMBER:** ONE

<u>**DEFENDANT'S FIRST SET OF DOCUMENT REQUESTS**</u>

  1. Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff David Boveri, pro se. ("Mr. Boveri" or "Plaintiff"), hereby provides his initial responses to Defendant ConsenSys, Inc.'s ("ConsenSys" or "Defendant") First set of requests for Documents for copying and review. The providing of these documents shall be deemed continuing, and the responses are to be seasonably amended or supplemented as provided in Rule 26(e) of the Federal Rules of Civil Procedure.

**PRELIMINARY STATEMENT**

  2. Plaintiff's discovery of factual evidence supporting the claims of the Complaint is ongoing. Plaintiff will seasonably supplement this response if and when he becomes aware of the existence of additional responsive information or documents that are subject to disclosure pursuant to Rule 26(a) and Rule 33 of the Federal Rules of Civil Procedure, and pursuant to the Standing Order for the Mandatory Initial Discovery Pilot Project ("Standing Order") of the Northern District of Illinois.

1

3. In providing these responses, Plaintiff: (a) does not concede the materiality, relevance, or discoverability of the information provided and/or the documents identified; (b) expressly reserves any and all objections to the discoverability and/or admissibility at trial of such information and documents; (c) does not waive or intend to waive any work product, or any other privilege or immunity that otherwise would entitle him to refuse to transmit the information or documents identified herein, or to object to their use for any purpose; and (d) offers them without prejudice to any other issue or argument.

4. As used herein, Plaintiff uses the following terms as outlined in the Definitions and Instructions section of Defendant's First Set of Interrogatories, including: "Plaintiff" or "Mr. Boveri" refers to David Boveri, his counsel, and any consultants, experts, investigators, agents, representatives, or other persons acting on his behalf; the terms "Defendant" and "ConsenSys" refer to defendant ConsenSys, Inc.; the term "Complaint" refers to the Complaint in Case No. 3:19- cv-50226, which was filed by Plaintiff on or about September 12, 2019, in the United States District Court for the Northern District of Illinois; the term "document" includes, in addition to the definitions provided in Federal Rule of Civil Procedure 34, those as outlined by the Defendant.

## DOCUMENT REQUESTS

**GENERAL OBJECTION:** Plaintiff hereby OBJECTS to any or each document request to the extend that it is overbroad, vague, overly burdensome, requests irrelevant, immaterial or inadmissible information or information protected by privilege, and/or contains multipart questions in violation of law, rule or regulation. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request. Moreover, Plaintiff does not waive his right to amend any or all of his responses.

## REQUEST NO. 1:

All documents used as a source or background information and/or that formed the basis for your Answers to Defendant's First Set of Interrogatories, or for your initial disclosures under Rule 26(a) of the Federal Rules of Civil Procedure.

**OBJECTION**. The document request seeks attorney work-product from Mr. Boveri, whose work product as a non-lawyer is afforded the same measure of protection *pro se* as that generated by an attorney. Insofar as this seeks to ascertain the identity, writings, and opinions of plaintiff's experts who have been retained or utilized to date solely as an advisor or consultant, it is violative of the work-product privilege.

2

**RESPONSE TO REQUEST NO. 1:**

(None provided)

**REQUEST NO. 2:**

All documents used, relied upon, or referenced to draft the Complaint.

**OBJECTION**. The document request seeks attorney work-product from Mr. Boveri, whose work product as a non-lawyer is afforded the same measure of protection *pro se* as that generated by an attorney. Insofar as this interrogatory seeks to ascertain the identity, writings, and opinions of plaintiff's experts who have been retained or utilized to date solely as an advisor or consultant, it is violative of the work-product privilege.

**RESPONSE TO REQUEST NO. 2:**

Plaintiff states that he is complying with document requests in compliance with the Standing Order, and that as such, many or all of the responsive documents used in drafting the complaint are included, but that he has not included any work products subject to privilege objected to above.

**REQUEST NO. 3:**

All documents concerning, reflecting, or related to any offer of employment or internship that you received from ConsenSys.

**RESPONSE TO REQUEST NO. 3:**

Responding party complies with this request by producing documents concerning, reflecting, or related to any offer of employment or internship that he received from ConsenSys that are currently in his possession. These are contained in the documents produced previously within the first batch (Bates Boveri 1-233) and second batch of documents (Id. 098 – 234) produced.

Another document produced with this response (Id. -235) contains personal phone SMS messages referenced in the amended response to Interrogatory No. 5(c)(a) response (November 5, 2020) with "Kell [sic] Kanhirun," aka Kel Kanhirun, between the dates April 1-30, 2020.

**REQUEST NO. 4:**

All documents concerning, reflecting, or related to ConsenSys's rejection of your candidacy or application for employment or internship with ConsenSys.

**RESPONSE TO REQUEST NO. 4:**

Responding party complies with this request by providing the documents referenced above in Request No. 4 which reflect, or are related to ConsenSys's rejection of his candidacy

3

or application for employment or internship with ConsenSys.

Additionally, Plaintiff states that since discovery is ongoing, he will be providing any new documents discovered to Defendant in a timely manner as mandated by the Standing Order. Many of these documents, however, are within Defendant's possession and have not yet been supplied to Plaintiff.

**REQUEST NO. 5:**

All documents (including but not limited to emails sent or received by or from either your ConsenSys-provided email address or any personal email address you have used since the start of your internship(s) with ConsenSys, text messages, letters, or instant messages on any social networking forum) constituting, reflecting, or referring to communications supporting or concerning your allegations that you were subjected to discrimination during or before your internship(s) with ConsenSys.

**RESPONSE TO REQUEST NO. 5:**

Responding party complies with this request by providing documents constituting, reflecting, or referring to communications supporting or concerning his allegations that he were subjected to discrimination during or before his internship(s) with ConsenSys. Specifically, the personal text message documents referenced above (Bates Boveri -235), reflect and refer to the pre-employment disclosure of disability without engaging in the interactive process, as referenced in the Amended response to Interrogatory No. 5(e)(a) on November 5, 2020

Plaintiff additionally states that since discovery is ongoing, he will be providing any new documents discovered to Defendant in a timely manner as mandated by the Standing Order. Many of these documents, however, are within Defendant's possession and have not yet been supplied to Plaintiff.

**REQUEST NO. 6:**

All documents (including but not limited to emails sent or received by or from either your ConsenSys-provided email address or any personal email address you have used since the start of your internship(s) with ConsenSys, text messages, letters, or instant messages on any social networking forum) constituting, reflecting, or referring to communications supporting or concerning your allegations that you requested that ConsenSys provide you with a reasonable accommodation for a disability.

**OBJECTION:** This discovery request has, in substance, been previously propounded. (See Document Request No. 5.) Continuous discovery into the same matter constitutes oppression, and Plaintiff further objects on that ground.

4

**RESPONSE TO REQUEST NO. 6:**

In response to this request, Plaintiff refers both to his objection and to his response to the previous within his answers to Document Requests No. 3-5. The documents referenced above contain, but are not limited to, emails sent to and received from his personal email to ConsenSys, Inc., text messages, letters, or instant messages on any social networking forum) constituting, reflecting, or referring to communications supporting or concerning his allegations that he requested that ConsenSys provide you with a reasonable accommodation for a disability.

Plaintiff additionally states that since discovery is ongoing, he will be providing any new documents discovered to Defendant in a timely manner that constitute, reflect, as mandated by the Standing Order. Many of these documents, however, including, but not limited to, emails sent to and from his ConsenSys-provided email address, are within Defendant's possession and have not yet been supplied to Plaintiff.

**REQUEST NO. 7:**

All documents (including but not limited to emails sent or received by or from either your ConsenSys-provided email address or any personal email address you have used since the start of your internship(s) with ConsenSys, text messages, letters, or instant messages on any social networking forum) constituting, reflecting, or referring to communications supporting or concerning your allegations that you worked more than 40 hours in a workweek.

**RESPONSE TO REQUEST NO. 7:**

Plaintiff states, however, that he has included and all of the currently discovered documents that are within his possession that can be used at a later time to calculate an estimation of the number of hours worked above 40; Plaintiff further states that he many of the documents necessary for this calculation still in Defendant's possession.

Additionally, Plaintiff states that since discovery is ongoing, he will be providing any new documents discovered to Defendant in a timely manner as mandated by the Standing Order.

**REQUEST NO. 8:**

All documents (including but not limited to emails sent or received by or from either your ConsenSys-provided email address or any personal email address you have used since the start of your internship(s) with ConsenSys, text messages, letters, or instant messages on any social networking forum) constituting, reflecting, or referring to communications supporting or concerning your allegations that you were discouraged from accurately recording the hours you worked during your internship for ConsenSys.

5

**RESPONSE TO REQUEST NO. 8:**

Responding party fully complies with this request by stating that he does not have any knowledge of any constituting, reflecting, or referring to communications supporting or concerning his allegations that he was discouraged from accurately recording the hours he worked during his internship for ConsenSys. Plaintiff also states that since discovery is ongoing, any documents or witness pertaining to said allegations will be provided to Defendant in pursuant to the Standing Order.

**REQUEST NO. 9:**

All affidavits or other recorded statements obtained from any person or witness which relate to any of the facts underlying your claims against Defendant.

**RESPONSE TO REQUEST NO. 9:**

Responding party fully complies with this request by stating he does not currently have or know of any affidavits or other recorded statements obtained from any person or witness which relate to any of the facts underlying his claims against Defendant.

**REQUEST NO. 10**

All documents concerning any individual you expect to call as an expert witness at trial, including but not limited to:

(a) all documents containing any conclusions drawn or opinions reached by the expert in connection with this matter, including any report prepared;

(b) all documents indicating or reflecting the basis for any conclusions drawn or opinions reached by the expert in connection with this matter;

(c) all documents tending to support or to qualify, contradict or refute any conclusions drawn or opinions reached by the expert in connection with this matter;

(d) all documents reviewed by the expert in the course of his or her work on this matter;

(e) all charts, graphs, summaries and other demonstrative evidence prepared in connection with the expert's anticipated testimony; and

(f) all curriculum vitae or resume prepared or used by the expert during the preceding two years.

**RESPONSE TO REQUEST NO. 10:**

**OBJECTION**. The document request seeks attorney work-product from Mr. Boveri, whose work product as a non-lawyer is afforded the same measure of protection *pro se* as that

6

generated by an attorney. Insofar as this interrogatory seeks to ascertain the identity, writings, and opinions of plaintiff's experts who have been retained or utilized to date solely as an advisor or consultant, it is violative of the work-product privilege.

**RESPONSE TO REQUEST NO. 10:**

Responding party complies with this request by stating he has not decided on which, if any, expert witnesses may be called at trial.

**REQUEST NO. 11:**

To the extent not already produced in response to the foregoing document requests, all documents and data compilations on which you rely to support your claims.

**OBJECTION:** The document request could be construed as seeking attorney work-product from Mr. Boveri, whose work product as a non-lawyer is afforded the same measure of protection *pro se* as that generated by an attorney. Insofar as this interrogatory seeks to ascertain the identity, writings, and opinions of plaintiff's experts who have been retained or utilized to date solely as an advisor or consultant, it is violative of the work-product privilege.

**RESPONSE TO REQUEST NO. 11:**

Responding party complies with this request by including all documents and data compilations on which he has currently assembled to rely on to support his claims (excepting those as described in his objection), and that any further documents and data compilations which are found during ongoing discovery will be provided to Defendant in a timely manner pursuant to the Standing Order (excepting those as described in his objection).

**REQUEST NO. 12:**

All documents concerning, pertaining, or referring to any formal or informal complaints made by you to or about ConsenSys referring to or concerning any alleged unlawful discrimination, wage and hour practices, or alleged failure to accommodate a disability.

**OBJECTION:** The Plaintiff restates objections as above, with the addition that due to the decentralized nature of ConsenSys, it is unclear as to what constitutes a formal or informal complaint; given that there was no explicit hierarchy or decision making structure at ConsenSys and that each and every employee was empowered to make decisions without explicit oversight or management: differentiating between a formal or informal complaint from a social conversation involving "complaining" would require documenting each and every utterance made by Mr. Boveri to each and every other employee at ConsenSys that could be construed to refer to or concern any alleged unlawful discrimination, wage and hour practices, or alleged failure to accommodate a disability; documenting such utterances with each and every individual who he worked

7

with in an official capacity would be an undue burden and expense on the Plaintiff. Given that there was no explicit decision-making hierarchies or procedures at ConsenSys (as alleged in Paragraph 3 of the Complaint), the process for informally or formally providing a complaint was not documented, and has not been defined clearly enough to be responded to in full.

**OBJECTION:** Plaintiff restates the objections above and adds that since there is no direct Reference to any formal or informal complaints made by him to or about ConsenSys referring to or concerning any alleged unlawful discrimination, wage and hour practices, or alleged failure to accommodate a disability, this discovery request for documents as phrased is argumentative. It requires the adoption of an assumption, which is improper.

Using the narrowest possible definition of "formal," "informal," and "complaint," the Plaintiff responds, without prejudice to any other definition, issue, or argument, as follows:

**RESPONSE TO REQUEST NO. 12:**

Responding party complies with this request by stating that he is not aware of any documents that exist retaining to whatever may constitute a formal or informal complaint; Plaintiff further states, in the form of a comment, that he has included some documents which reference "Mesh Matters," which was one way that the decentralized organizational structure of ConsenSys dealt with complaints, though he is not sure whether this constitutes a formal or informal process for making complaints; the existence of which, however, demonstrates the ineffective and/or poorly documented procedures for filing formal complaints at ConsenSys.

Additionally, Plaintiff states that since discovery is ongoing, he will be providing any new documents discovered to Defendant in a timely manner as mandated by the Standing Order. Many of these documents, however, are within Defendant's possession and have not yet been supplied to Plaintiff.

**REQUEST NO. 13:**

All documents (including but not limited to emails sent or received by or from either your ConsenSys email address or any personal email address you have used since the start of your employment with ConsenSys, text messages, letters, or instant messages or personal messages on any social networking forum) that relate in any way to your claims in this action, or that otherwise relate to ConsenSys.

**OBJECTION:** The document request seeks attorney work-product from Mr. Boveri, whose work product as a non-lawyer is afforded the same measure of protection *pro se* as that generated by an attorney. Insofar as this interrogatory seeks to ascertain the identity, writings, and opinions of plaintiff's experts who have been retained or utilized to date solely as an

8

advisor or consultant, it is violative of the work-product privilege.

**OBJECTION:** This document request is so broad and unlimited as to time and scope as to be an unwarranted annoyance, embarrassment, and is oppressive. To comply with the request would be an undue burden and expense on the plaintiff. The request is calculated to annoy and harass plaintiff.

**RESPONSE TO REQUEST NO. 13:**

The responding party complies with this request by stating that he has provided and will continue to provide upon further discovery any and all documents that are in his possession that relate to his claims in this action, such that they are relevant and that they are required to be provided pursuant to the Standing Order; Plaintiff further states that he has and will continue to provide any and all documents found in discovery relating to ConsenSys that are relevant and required to provided pursuant to the Standing Order.

Plaintiff also states that he will continue to provide any and all documents in a timely manner that he is made aware of during discovery that are relevant to the claims and defenses in this case, including both favorable and unfavorable information, pursuant to the Standing Order, and in accordance with section A(2)(e) of the *Mandatory Initial Discovery Users' Manual for the Northern District of Illinois*.

**REQUEST NO. 14:**

To the extent not already produced, any and all documents relating or referring to the allegations in the Complaint.

**OBJECTION:** The document request seeks attorney work-product from Mr. Boveri, whose work product as a non-lawyer is afforded the same measure of protection *pro se* as that generated by an attorney. Insofar as this interrogatory seeks to ascertain the identity, writings, and opinions of plaintiff's experts who have been retained or utilized to date solely as an advisor or consultant, it is violative of the work-product privilege.

**OBJECTION:** This document request is so broad and unlimited as to time and scope as to be an unwarranted annoyance, embarrassment, and is oppressive. To comply with the request would be an undue burden and expense on the plaintiff. The request is calculated to annoy and harass plaintiff.

**OBJECTION:** This discovery request has, in substance, been previously propounded. (See Document Request No. 13.) Continuous discovery into the same matter constitutes oppression, and Plaintiff further objects on that ground.

**RESPONSE TO REQUEST NO. 14:**

The responding party complies with this request by referring to his objections and by referring to his response to document request No. 13

**REQUEST NO. 15:**

All documents concerning, reflecting, or referring to your attendance records, including any leave of absence taken or applied for, any paid time off, or any hours worked during your internship with ConsenSys.

**OBJECTION:** This discovery request has, in substance, been previously propounded. (See Interrogatory No. 9 and Document Request No. 7.) Continuous discovery into the same matter constitutes oppression, and Plaintiff further objects on that ground.

**RESPONSE TO REQUEST NO. 15:**

Responding party complies with this request by stating that in addition to the documents referenced in the document requests above, the majority of the evidence concerning, reflecting, or referring to his attendance records, leave of absence, or paid time off is within the Defendant's possession. These documents include, but are not limited to, messages sent via Slack within both public, private, and direct-message channels; emails sent and received from Mr. Boveri's ConsenSys-provided email address, and the ConsenSys-provided calendar account that reflects his leave of absence.

Additionally, Plaintiff states that since discovery is ongoing, he will be providing any new documents discovered to Defendant in a timely manner as mandated by the Standing Order. Many of these documents, however, are within Defendant's possession and have not yet been supplied to Plaintiff.

**REQUEST NO. 16:**

All documents concerning or supporting your alleged entitlement to damages or any other monetary relief sought including, without limitation, any calculations thereof.

**OBJECTION:** This discovery request has, in substance, been previously propounded. (See Interrogatory No. 15) Continuous discovery into the same matter constitutes oppression, and Plaintiff further objects on that ground.

**RESPONSE TO REQUEST NO. 16:**

Responding party complies with this request by stating that he is assembling the documents concerning or supporting his alleged entitlement to damages or monetary

10

relief sought and including the calculations thereof and that these will be provided by Friday, November 13, 2020.

Plaintiff also states that he will continue to provide any and all documents in a timely manner that he is made aware of during discovery that are relevant to calculation of damages sought in this case, including both favorable and unfavorable information, pursuant to the Standing Order, and in accordance with section A(2)(e) of the *Mandatory Initial Discovery Users' Manual for the Northern District of Illinois*.

**REQUEST NO. 17:**

All documents concerning, pertaining, or relating to any search for employment in which you have engaged since November 1, 2018, including, but not limited to all past and current resumes, recommendations, cover letters, reference lists, or communications with recruiters, employment agencies, prospective employers, prospective clients or customers, or professional contacts since November 1, 2018.

**RESPONSE TO REQUEST NO. 17:**

Responding party complies with this order by stating that he is preparing the extensive documentation of his digital job search to Defendant in compliance to this Document, and that the discovery process for digital documents for this specific request is ongoing and will be provided to Defendant as they are available. The documents currently in his possession reflecting his job search from November 1, 2018 through November 5, 2020, will be provided to Defendant by Friday November 13, 2020,

**REQUEST NO. 18:**

All documents concerning, pertaining, or relating to any job postings you have viewed or applied for, including but not limited to Internet-based searches for job postings or job postings listed in the classified section of a newspaper, magazine, or trade periodical since November 1, 2018.

**OBJECTION:** This discovery request has, in substance, been previously propounded. (See Interrogatory No. 16 and Document Request No. 17) Continuous discovery into the same matter constitutes oppression, and Plaintiff further objects on that ground.

**OBJECTION:** This discovery request is so broad and unlimited as to time and scope as to be an unwarranted annoyance, embarrassment, and is oppressive. To comply with the request would be an undue burden and expense on the plaintiff. The request is calculated to annoy and harass plaintiff.

**RESPONSE TO REQUEST NO. 18:**

11

Responding party complies with this request by referring to his objection and his response to Document Request No. 17. Plaintiff also states that as referenced in Document Request No. 16, he will be including only those documents which he believed to be most relevant to searching for a job, pursuant to the Standing Order, and will not be intentionally excluding any documents concerning, pertaining, or relating to any job postings which he has viewed that he thought would be relevant to any of Defendant's claims or defenses. These documents include, but are not limited to, digital search results of online job posting, Google History reflecting online job posts, and archived emails pertaining to job searches and email notifications for newly posted jobs relevant to Mr. Boveri's searches.

**REQUEST NO. 19:**

All documents concerning, pertaining, or relating to any employment interviews you have attended or otherwise participated in since November 1, 2018.

**OBJECTION:** This discovery request has, in substance, been previously propounded. (See Interrogatory No. 16, and Document Requests No. 17 and 18) Continuous discovery into the same matter constitutes oppression, and Plaintiff further objects on that ground.

**RESPONSE TO REQUEST NO. 19:**

Responding party complies with this request by providing all these documents, in addition to any that have been provided, within the batch of documents to be produced by November 13, 2020, as referenced as references in Document Request No. 17-18.

**REQUEST NO. 20:**

All documents concerning, pertaining, or relating to any offers of employment that you have received (whether communicated orally or in writing, and whether formal or informal) since November 1, 2018.

**OBJECTION:** This discovery request has, in substance, been previously propounded. (See Interrogatory No. 16, and Document Requests No. 17, 18, and 19) Continuous discovery into the same matter constitutes oppression, and Plaintiff further objects on that ground.

**RESPONSE TO REQUEST NO. 20:**

Responding party complies with this request by providing all these documents, in addition to any that have been provided, within the batch of documents to be produced by November 13, 2020, as referenced as references in Document Request No. 17-19. This will include all offers of employment communicated orally or in writing, both informal and informal since November 1, 2018.

12

**REQUEST NO. 21:**

All documents concerning, pertaining, or relating to any offers to pay you money or other compensation in exchange for the performance of services since, November 1, 2018.

> **OBJECTION:** This discovery request has, in substance, been previously propounded. (See Interrogatory No. 16, and Document Requests No. 17, 18, 19, and 20) Continuous discovery into the same matter constitutes oppression, and Plaintiff further objects on that ground.
>
> **RESPONSE TO REQUEST NO. 21:**

Responding party complies with this request by providing all these documents, in addition to any that have been provided, within the batch of documents to be produced by November 13, 2020, as referenced as references in Document Request No. 17-20. This will include all offers to pay him money or other compensation in exchange for the performance of services communicated orally or in writing, both informal and informal,since November 1, 2018.

**REQUEST NO. 22:**

All documents concerning, pertaining, or relating to your income or income substitutes, including, but not limited to, W-2 forms, federal and state income tax returns filed by you (including all forms, attachments and schedules thereto), individually or jointly, pay stubs, benefits booklets, forms concerning pertaining or relating to your receipt of unemployment insurance benefits, and other records of compensation for the years 2018 through the present.

> **OBJECTION.** Information regarding tax returns, including income tax returns, W-2 and/or 1099 forms, is privileged under federal and state law.
>
> **OBJECTION:** This discovery request has, in substance, been previously propounded. (See Interrogatories No. 13 and 14.) Continuous discovery into the same matter constitutes oppression, and Plaintiff further objects on that ground.
>
> **RESPONSE TO REQUEST NO. 22:**
>
> Responding party complies with this request by referring to his objection to this request and to the Interrogatories referenced therein.

**REQUEST NO. 23:**

> All documents concerning, pertaining, or relating to any medical treatment that you have received since January 1, 2014, including but not limited to all invoices for medical visits or services rendered, all drug prescriptions and bills, invoices, or receipts for same, and all calendar entries (physical or electronic) containing medical appointments.
>
> **OBJECTION:** This discovery request has, in substance, been previously propounded. (See

13

HIPAA authorization forms already provided by Defendant.) Continuous discovery into the same matter constitutes oppression, and Plaintiff further objects on that ground.

**OBJECTION:** This discovery request is so broad and unlimited as to time and scope as to be an unwarranted annoyance, embarrassment, and is oppressive. To comply with the request would be an undue burden and expense on the plaintiff. The request is calculated to annoy and harass plaintiff.

**RESPONSE TO REQUEST NO. 23:**

Plaintiff states that, and that he has already submitted HIPAA authorization for the retrieval of medical records to Defendant as part of the Mandatory Initial Discovery Project (MIDP); Plaintiff also states that he provided these authorization forms as mandated by the Court to during the initial status hearing on December 2nd, 2019; Plaintiff states that he provided these disclosures by the Court's December 9, 2019, deadline. Furthermore, for any information or documents requested that have not mandated during the initial status hearing by the Court to be included in the authorizations, Plaintiff responds to this request by referring to his objections this request.

Plaintiff further states that the majority of his medical costs since November 1, 2018 up until November 5, 2020, were covered by state-provided Medicad, and were not substantial; Plaintiff further states that discovery is ongoing and if any invoices for medical visits or services rendered, all drug prescriptions and bills, invoices, or receipts for same and for any calendar entries (physical or electronic) containing medical appointments not contained or referenced by the information provided already provided pursuant to the MIDP are discovered, they will be provided.

Plaintiff also states that he will continue to provide any and all documents in a timely manner that he is made aware of during discovery that are relevant to the claims and defenses in this case, including both favorable and unfavorable information, pursuant to the Standing Order, and in accordance with section A(2)(e) of the *Mandatory Initial Discovery Users' Manual for the Northern District of Illinois*.

**REQUEST NO. 24:**

All documents identified and/or relied upon in preparing responses to Defendant's First Set of Interrogatories.

**OBJECTION**. The document request seeks attorney work-product from Mr. Boveri, whose work product as a non-lawyer is afforded the same measure of protection *pro se* as that generated by an attorney. Insofar as this interrogatory seeks to ascertain the identity, writings, and opinions of plaintiff's experts who have been retained or utilized to date solely as an advisor or consultant, it is violative of the work-product privilege.

14

**RESPONSE TO REQUEST NO. 24:**

Responding party complies with the request by referring to his objection to this request and by stating that he has included all those documents which he believes are required by the Standing Order; Plaintiff also states that discovery is ongoing, and he will continue to provide Defendant with any and all documents discovered that he is obligated to provide pursuant to the Standing Order.

Dated: November 5, 2020

By:   s/ David Boveri
     David Boveri, pro se
     3230 Sycamore Rd., Ste. #168
     DeKalb IL, 60115
     (847) 732-9849

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on this 9th day of November, 2020, he caused true and correct copies of the foregoing Plaintiff's First Set of Objections and Responses to Defendant's First Set of Document Requests to be served on Deafendant's attorneys, via electronic mail (ScottCooper@dwt.com and chaet@wbs-law.com).

/s/ David Boveri
David Boveri, *pro se*
3230 Sycamore Rd. Ste. #168
DeKalb IL, 60115
(847) 732-9849

16