# EXHIBIT I

| | |
|---|---|
| **From:** | Cooper, Scott |
| **Sent:** | Tuesday, December 1, 2020 8:18 AM |
| **To:** | daiv b. |
| **Cc:** | Sack, Laura |
| **Subject:** | RE: Boveri / ConsenSys amended response to defendant's interrogatories |

Mr. Boveri,

As you have ignored my correspondence on this matter, ConsenSys must resort to motion practice to protect its rights. In accordance with Local Rule 37.2, please provide your availability for a call between now and 5 p.m. (Central) tomorrow.

Thank you.

**From:** Cooper, Scott
**Sent:** Wednesday, November 25, 2020 12:57 PM
**To:** 'daiv b.' <daiv.boveri@gmail.com>
**Cc:** Sack, Laura <LauraSack@dwt.com>
**Subject:** RE: Boveri / ConsenSys amended response to defendant's interrogatories

Mr. Boveri,

How do you intend to proceed? Please advise, so that I can take appropriate action to preserve and protect my client's rights, and to keep the case moving.

Thanks.

**From:** Cooper, Scott
**Sent:** Monday, November 23, 2020 5:32 PM
**To:** 'daiv b.' <daiv.boveri@gmail.com>
**Cc:** Sack, Laura <LauraSack@dwt.com>
**Subject:** RE: Boveri / ConsenSys amended response to defendant's interrogatories

Mr. Boveri,

It is disappointing to learn that you have again dropped the ball in connection with your discovery obligations in your own lawsuit.

My understanding is that you wish to provide ConsenSys with files that, through your own actions and inaction, are now available to you *only* in .mbox format. It is also my understanding that given the limitations of .mbox files, without the aid of technologies readily provided by ediscovery vendors, you are unable at this time to differentiate between responsive documents and nonresponsive documents within the .mbox files available to you – and you are asking ConsenSys to (i) convert/process *your* .mbox files *for you*, (ii) obtain space to host those files, (iii) go through as-yet-unknown quantities of irrelevant emails to find and identify the few that you believe *might* be responsive, and (iv) complete items (i) through (iii) at ConsenSys's considerable expense.

As a litigant in this case, it is your responsibility to timely produce non-privileged responsive documents when requested, and to do so without also unreasonably inundating ConsenSys with irrelevant material (sometimes known as

1

a document dump).  I gather from your email below (specifically, that you "no longer have access to Logikcull") that earlier this year you *did* have access to the individual responsive files at issue, but that your inexplicable delay in producing documents responsive to requests served 10 months ago has resulted in the predicament you describe in your November 20 email.

**ConsenSys does not agree to pick up your slack while you again shirk your discovery responsibilities**.  It is up to you to retain an ediscovery service/vendor to convert your .mbox files to a format that will permit you to whittle your voluminous, currently unsearchable records down to only those documents that are responsive to ConsenSys's document requests.  **Moreover, you must do so at your expense**.

In the event that you fail to complete your document production in accordance with the Federal Rules of Civil Procedure and any applicable local or individual rule **by Monday, November 30**, ConsenSys will apply to the Court for all available relief, and will request that the Court order you to reimburse ConsenSys's reasonable attorneys' fees in connection with such motion practice.

Scott Cooper


**From:** daiv b. <daiv.boveri@gmail.com>
**Sent:** Friday, November 20, 2020 7:35 AM
**To:** Cooper, Scott <ScottCooper@dwt.com>
**Cc:** Sack, Laura <LauraSack@dwt.com>
**Subject:** Re: Boveri / ConsenSys amended response to defendant's interrogatories

**[EXTERNAL]**

Mr. Cooper,
Are you able to process mailbox files of responsive emails in their original .mbox format for discovery? I no longer have access to Logikcull, and my attempts to extract the email messages from mailbox archives in .mbox format have proven unsuccessful. I did not expect it would be so challenging, and attempting to process these files has caused me significant delays.

I know that this is not, of course, a valid excuse from my obligations to produce all responsive documents in the time frame required by the court. If you cannot process these .mbox files, any suggestions you might have would be appreciated so that I can complete my production.

It is evident to me now that in the spirit of collaboration as outlined MIDP's Users Manual C(d)(1)(1) these issues should have been disclosed prior to the to November 4, so that I could find a suitable solution to fulfill my obligations to complete document production by the deadlined ordered by the court.

David Boveri

On Thu, Nov 19, 2020 at 11:16 AM daiv b. <daiv.boveri@gmail.com> wrote:
Mr. Cooper,
I am preparing the final document production today. I will be providing you the links and will affirm that my document production is complete when I have sent the final batch of documents.

David Boveri

On Tue, Nov 17, 2020 at 7:28 AM Cooper, Scott <ScottCooper@dwt.com> wrote:

Mr. Boveri,

Once again, you have brought your own lawsuit to a standstill.

On October 22, the Court ordered you to "respond to defendant's outstanding discovery requests" by no later than November 4.  On November 9, you served what appears to be a new set of written responses to Defendant's original document demands, in which you repeatedly reference a document production that, according to you, was to have been served "by November 13, 2020."  However, today is November 17, and I have not received the production that you reference.

The last document that you produced in this matter is Boveri_235.  If Boveri_235 represents the completion of your document production, then so state.  If Boveri_235 is not meant to represent the completion of your document production, then so state, and immediately complete your document production.  This is very straightforward – either (i) you have completed your document production or, alternatively, (ii) you have not completed your document production.  Either way, you must immediately and affirmatively notify us of the status of your document production.

Scott Cooper

**From:** daiv b. <daiv.boveri@gmail.com>
**Sent:** Monday, November 09, 2020 9:00 AM
**To:** Cooper, Scott <ScottCooper@dwt.com>
**Subject:** Re: Boveri / ConsenSys amended response to defendant's interrogatories

**[EXTERNAL]**

Attached is the amended response to document production as well as BOVERI 0235, which is referenced in same. As requested, attached is a link to a Google Drive zip file entitled BOVERI02.zip that contains the second document production (Boveri 98–234).

📄 BOVERI02.zip

David Boveri

3

On Fri, Nov 6, 2020 at 1:37 PM Cooper, Scott <ScottCooper@dwt.com> wrote:

Mr. Boveri,

Thanks – I'll review. What about the completion of your document production?

Separately, the file you used to share your second document production (Boveri 98 – 234) is not available on Logikcull. Please recirculate those documents – preferably as an attachment to an email, but if you'd like to produce via Logikcull, that's fine.

Thank you.

**From:** daiv b. <daiv.boveri@gmail.com>
**Sent:** Friday, November 06, 2020 1:06 AM
**To:** Cooper, Scott <ScottCooper@dwt.com>
**Cc:** Sack, Laura <LauraSack@dwt.com>; Kerry Saltzman <Saltzman@wbs-law.com>
**Subject:** Boveri / ConsenSys amended response to defendant's interrogatories

**[EXTERNAL]**

Mr. Cooper,

Attached is the amended responses to defendant's first set of interrogatories to address the deficiencies as mandated by the court on October 22, 2020.