UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| David Boveri, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 19 CV 50226 |
| | ) | Magistrate Judge Lisa A. Jensen |
| ConsenSys, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant has moved for the Court to enter sanctions against Plaintiff. Dkt. 35. For the following reasons, Defendant's motion is granted.

**I. BACKGROUND**

Plaintiff, a *pro se* litigant, filed this employment discrimination action in September 2019, alleging that Defendant discriminated against him in violation of the Americans with Disabilities Act. Pl.'s Compl., Dkt. 1. In December 2019, the district judge entered a discovery schedule in the case. Dkt. 14. Defendant first complained of Plaintiff's noncompliance with the discovery schedule in a May 2020 joint status report. Dkt. 23. The report stated that, despite a deadline of February 24, 2020, Plaintiff's written responses to Defendant's discovery requests were incomplete, and he had not produced a single document. *Id*. at 1.

In August 2020, Defendant filed a motion to compel, citing Plaintiff's deficient written responses to interrogatories and incomplete document production. Dkt. 26. The case was transferred to this Court in October 2020, and the Court held a hearing on the motion on October 22. The Court ordered Plaintiff to respond to Defendant's outstanding discovery requests by November 5. Dkt. 30. Plaintiff served his response to Defendant on November 9 – four days after the Court's deadline. Def.'s Mot. at 2, Dkt. 36. Plaintiff promised Defendant he would supplement his document production by November 13. He failed to do so. *Id*.

On November 17, 2020, Defendant contacted Plaintiff about his document production, which was at that point 12 days overdue. On November 19, Plaintiff responded that he was preparing the final document production that day. On November 20, Plaintiff informed Defendant that he no longer had access to the e-discovery service that he had used to store his electronic files related to the case, and that his attempts to extract the documents were unsuccessful. Plaintiff acknowledged that he did not have a valid excuse for disobeying the Court's order and he should have disclosed the issues earlier. On November 23, Defendant told Plaintiff that he must either produce the remaining documents in an appropriate format or reimburse Defendant for the

reasonable costs necessary to convert the files. Plaintiff did not respond. On November 25, Defendant followed up with Plaintiff by email to ask how he intended to proceed. Plaintiff did not respond. On December 1, Defendant emailed Plaintiff to try to set up a phone call. Plaintiff did not respond. On December 3, Defendant called Plaintiff in a final attempt to meet and confer regarding the discovery issues. Plaintiff did not answer. Defendant again followed up with Plaintiff by email. Plaintiff still did not respond. *Id*. at 2-4.

On January 27, 2021, Defendant filed the instant motion to compel discovery and for sanctions. Dkt. 35. The Court set the motion for hearing on February 3, but Plaintiff failed to appear. Dkt. 39. The Court continued the hearing to February 17, and Plaintiff again failed to appear. Two hours after the hearing had concluded, Plaintiff contacted the clerk alleging he had problems utilizing the telephonic hearing system. The Court reset the hearing for later that day. At the reset hearing, Plaintiff conceded that the portrayal of events in Defendant's motion was accurate. When asked why he had not responded to Defendant's communication from November 23, 2020, Plaintiff answered that the pandemic had been "harmful" for him because stress impacts his narcolepsy. He stated to the Court: "This is not an excuse, but it is the truth – I was behind in everything." Plaintiff also provided other excuses, including that stress prevented him from travelling 10-20 minutes to pick up his mail from the court notifying him of hearings, that he did not get the phone call from the Court's clerk because of a technological issue, and that, when defense counsel called him, his voicemail box was full. Defendant argued that Plaintiff had been making excuses for months without providing any plan to rectify the situation, and the case was still in the same position as it was at the hearing in October 2020. The Court made it clear to Plaintiff that he had one final opportunity to meet and confer with Defendant to resolve the outstanding discovery requests. A follow-up status hearing was set for February 25, 2021. Dkt. 40.

At the February 25 status hearing, Defendant reported that, during their meet and confer two days prior, Plaintiff had told Defendant he had converted the files and would send them that evening. However, two days later, at the time of the status hearing, Defendant had still not received the files Plaintiff promised. The Court ordered Plaintiff to send Defendant the documents by 5:00 p.m. that day. Dkt. 41. At the hearing, Defendant reiterated its request for the Court to grant the motion for sanctions and order Plaintiff to pay attorneys' fees. Defendant re-emphasized that Plaintiff had failed to retain his documents in an accessible format and had completely ignored Defendant's many phone calls and emails since November attempting to resolve this issue. Defendant pointed out that, after months of trying to get Plaintiff to provide the documents, Plaintiff was able to correct the deficiencies with his documents in just six days. Plaintiff replied that Defendant's request for attorneys' fees was reasonable but repeated that the pandemic had impacted his health, namely his ability to sleep and focus and his physical strength. He stated that his ability to convert the documents prior to that week was hindered by stress and that he had not been able to carry out his discovery obligations because he had been working to recuperate and mitigate the effects of the pandemic.

## II. DISCUSSION

In its brief, Defendant argues that Plaintiff's refusal to cooperate or communicate with Defendant for months thwarted its efforts to progress with discovery. Defendant asserts that Plaintiff had ample time to complete his discovery production or simply respond to Defendant's

2

attempts to communicate. Defendant states that, despite being unresponsive in this case, Plaintiff had been very active on social media, posting over 20 times after the November 5, 2020 deadline set by the Court. Defendant argues this reveals Plaintiff was physically well enough and willing to prioritize social media posts over his discovery obligations. Defendant contends that Plaintiff's behavior is sanctionable pursuant to Federal Rules of Civil Procedure 37(a)(5)(A) and 37(b)(2)(A), and moves the Court to enter an order: (1) directing Plaintiff to pay Defendant's reasonable attorneys' fees incurred in connection with the instant motion; and (2) admonishing Plaintiff that further failure to obey Court orders will result in dismissal of his claims with prejudice.

*Federal Rule of Civil Procedure 37(a)(5)(A)*

> Rule 37(a)(5)(A) states:
>
> If [a motion compelling discovery] is granted – or if the . . . requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
>> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>>
>> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>>
>> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

The court in *Roldan v. Coca Cola Refreshments USA, Inc.*, No. 20 C 305, 2021 WL 38139 (N.D. Ill. Jan. 5, 2021) explains that the underlying idea of this rule is "that a party should not be put to the expense of filing motions to obtain the discovery to which it is otherwise entitled." *Id.* at *1. In that case, the *pro se* plaintiff failed to provide the defendant with the discovery at issue on multiple occasions over the course of several months, forcing the defendant to file two motions and the court to issue three orders. *Id*. The court explained that the plaintiff had been given leeway as a *pro se* litigant, but that she was "not exempt from the rules which govern all other litigants." *Id*. The court found that none of the three circumstances that would avoid a fee award were present in the case and determined that ordering the *pro se* plaintiff to pay reasonable attorney's fees was warranted. *Id*. at *2.

As recounted above, Plaintiff's recalcitrance forced Defendant to go through the expense of filing the second motion to compel. It was only *after* the Court granted Defendant's second motion that Plaintiff provided the requested discovery, which triggers fee-shifting under Rule 37(a)(5)(A). Consistent with the Rule, the Court provided both parties with an opportunity to be heard on the issue at the February 17 and February 25 hearings. Additionally, none of the three circumstances that would avoid a fee award are present in this case. *See* Fed. R. Civ. P.

3

37(a)(5)(A)(i)-(iii). Regarding the first exception, Plaintiff does not dispute that he failed to return the phone calls and emails Defendant had made in an attempt to resolve the discovery issues without court action. The Court concludes that Defendant made a good faith attempt to resolve the issue with Plaintiff prior to filing the motion.

With respect to whether a party's conduct is "substantially justified," the advisory committee notes for the Rule state:

> On many occasions, to be sure, the dispute over discovery between the parties is genuine . . . In such cases, the losing party is substantially justified in carrying the matter to court. But the rules should deter the abuse implicit in carrying or forcing a discovery dispute to court when no genuine dispute exists.

Fed. R. Civ. P. 37, Advisory Committee Notes, 1970 amendments. At no point did Plaintiff attribute his failure to provide discovery to Defendant to the existence of a genuine discovery dispute. Rather, Plaintiff stated that the stress of the pandemic had impacted his narcolepsy, affecting his sleep, focus, and physical strength. Plaintiff reiterated several times in the February 2021 hearings that, had it not been for that stress, he would have been able to complete the conversion of the documents sooner.

Notably, Plaintiff did not claim that he had contracted COVID-19, nor did he claim that his health had deteriorated in some way that kept him from being able to do any work or to communicate with Defendant or this Court. To the contrary, Plaintiff stated that he had been working throughout the relevant period, including doing freelance work and applying for government aid. Plaintiff also conceded that he had been very active on social media following the Court's November 5, 2020 deadline, posting over 20 times. Clearly, Plaintiff was capable of working or, at the very least, of communicating with Defendant and the Court. Yet, Plaintiff chose to repeatedly brush off his discovery obligations despite being given multiple opportunities and to ignore Defendant's countless attempts at communication, causing the case to be stalled for months. Moreover, Plaintiff could have notified the Court that he was having difficulty and sought an extension of time to answer, but he failed to do so. As a result, Plaintiff's conduct was not substantially justified.

Lastly, the Court finds that there are no other circumstances that may make an award unjust.[1] Pursuant to Rule 37(a)(5)(A), the Court concludes that ordering Plaintiff to pay Defendant's reasonable attorneys' fees is warranted in this case.

*Federal Rule of Civil Procedure 37(b)(2)(A)*

Rule 37(b) states:

---

[1] While this Court is cognizant of the fact that Plaintiff is proceeding *pro se*, even *pro se* parties are required to comply with rules of procedure, court-imposed deadlines, and other court orders. *See De Falco v. Oak Lawn Pub. Library*, 25 F. App'x 455, 457 (7th Cir. 2001) ("[P]*ro se* litigants do not enjoy unbridled license to disregard clearly communicated court orders and are not entitled to a general dispensation from the rules of procedure or court-imposed deadlines.") (internal quotations and citation omitted).

4

> "If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders. They may include . . . dismissing the action or proceeding . . . Instead of or in addition to the orders above, the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

Fed. R. Civ P. 37(b)(2)(A), (C).

This Rule "grants district courts the power to impose appropriate sanctions for violations of discovery orders." *Sik Gaek Inc. v. Harris*, 789 F.3d 797, 800 (7th Cir. 2015). The Seventh Circuit has stated that failure to obey court orders, which are "designed to enable judges to control their dockets and manage the flow of litigation," justifies a Rule 37(b) sanction. *Tyagi v. Smith*, 790 F. App'x 42, 45 (7th Cir. 2019) (internal citation omitted). The Seventh Circuit has also emphasized that Rule 37(b) "sanctions enable a district court to prevent the parties to a lawsuit from 'unjustifiably resisting discovery.'" *Halas v. Consumer Servs., Inc.,* 16 F.3d 161, 164 (7th Cir. 1994) (citing Fed. R. Civ. P. 37 Advisory Committee Notes, 1970 amendments).

The Court has "significant flexibility in the application of the rules in question." *Salgado by Salgado v. Gen. Motors Corp.* 150 F.3d 735, 740 (7th Cir. 1998). While there are no particular factors, generally courts consider the prejudice to the moving party caused by the conduct, the prejudice to the judicial system, the need to punish the disobedient party, and the need to deter similar conduct in the future. *See Rice v. City of Chicago*, 333 F. 3d 780, 784 (7th Cir. 2003) (citing *Williams v. Chi. Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998)). Sanctions must be proportionate to the party's misconduct. *See Collins v. Illinois*, 554 F.3d 693, 696-98 (7th Cir. 2009).

As demonstrated above, Plaintiff has maintained a pattern of noncompliance with discovery obligations and disregarded this Court's orders without justification. Among the sanctions allowed under Rule 37, Defendant requests that the Court order Plaintiff to pay reasonable attorneys' fees. In considering the severity of the requested sanction, the Court concludes that ordering payment of attorneys' fees is appropriate and warranted. Lesser sanctions would likely be ineffective. Both the Court and Defendant generously provided Plaintiff with numerous opportunities to follow through on his discovery obligations, yet this leniency was unrequited. Further, Plaintiff's conduct has been prejudicial to Defendant, as it has had to engage in motion practice twice, prepare for and appear at four additional hearings, and make numerous attempts to communicate with Plaintiff – all at Defendant's expense. Plaintiff's conduct has also been prejudicial to this Court in that it has spent needless time and resources resolving a discovery issue where no genuine dispute exists and extended several discovery deadlines due to Plaintiff's noncompliance. Although it is within the Court's discretion to extend discovery deadlines, if the Court continually allows litigants such as Plaintiff to "ignore deadlines . . . without consequence, soon the court's scheduling orders would become meaningless." *Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996); *see also Geiserman v. MacDonald,* 893 F.2d 787, 791 (5th Cir. 1990) ("Adherence to reasonable deadlines is critical to restoring integrity in court proceedings."). As a result, attorneys' fees are warranted under Rule 37(b)(2)(A).

5

In sum, the Court finds that Plaintiff's conduct warrants sanctions under Rule 37 (a)(5)(A) and (b)(2)(A) and orders Plaintiff to pay Defendant's attorneys' fees[2] for time reasonably spent in connection with the January 27, 2021 motion. By April 2, 2021, Defendant shall file on the docket a sworn statement detailing its reasonable fees in connection with said motion. Plaintiff shall respond by April 9, 2021.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion is granted.

Date: March 26, 2021          By: /s/ Lisa A. Jensen
                                   Lisa A. Jensen
                                   United States Magistrate Judge

---

[2] This Court follows the logic of other courts in this district, finding that 28 U.S.C. § 636(b)(1)(A) and Rule 72(a) of the Federal Rules of Civil Procedure empower a magistrate judge to order Rule 37 attorney's fees and costs. *See Cage v. Harper*, No. 17-CV-7621, 2020 WL 1248685, at *1 (N.D. Ill. Mar. 16, 2020)*; Sailsbery v. Vill. of Sauk Vill.*, No. 15-CV-10564, 2020 WL 5570091 (N.D. Ill. Sept. 17, 2020); *but see Cahill v. Dart*, No. 13-CV-361, 2016 WL 7034139, at *3 (N.D. Ill. Dec. 2, 2016). Consequently, the Court issues this opinion as a memorandum opinion and order and not a report and recommendation.