**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| DAVID BOVERI,<br><br>        Plaintiff,<br><br>v.<br><br>CONSENSYS, INC.,<br><br>        Defendant. | Case No. 19-cv-50226<br><br>Hon. Lisa A. Jensen |

### AFFIRMATION OF SCOTT M. COOPER IN SUPPORT OF DEFENDANT'S MOTION FOR ATTORNEYS' FEES

I, Scott M. Cooper, affirm under penalty of perjury, the following:

1. As counsel for Defendant ConsenSys, Inc. ("ConsenSys") in this action, I submit this Affirmation in support of ConsenSys' Motion for Attorneys' Fees, and pursuant to the Court's Order of March 26, 2021 (Dkt. No. 42). I have personal knowledge of the contents of this Affirmation.

2. I am an attorney in the Employment Services Group of Davis Wright Tremaine LLP ("DWT"), a law firm with approximately 525 attorneys practicing in offices throughout the United States. I am an attorney in good standing admitted to practice in the States of New Jersey, New York, and Pennsylvania since 2011, 2012, and 2018, respectively. I am also a member in good standing of the bars of the federal district courts for the Eastern and Southern Districts of New York, the District of New Jersey, and the United States Courts of Appeals for the Second and Third Circuits. For purposes of defending ConsenSys in the instant case, the Northern District of Illinois granted my application for admission *pro hac vice* in 2019.

3. ConsenSys has been represented throughout this litigation by DWT as substantive counsel and Williams, Bax & Saltzman, P.C. as local counsel.

4. Throughout 2020, Plaintiff failed to comply with various discovery deadlines – including deadlines that he agreed to. Plaintiff's failure to comply with discovery deadlines continued even after the Court's October 22, 2020 Order, which directed him to produce all outstanding discovery by no later than November 5, 2020.

5. On January 27, 2021, ConsenSys commenced motion practice to compel discovery and for sanctions (the "Motion") after Plaintiff failed to comply with his discovery obligations and this Court's October 22, 2020 order, and also failed to respond to each of my numerous attempts to communicate with him by email and telephone. The 13-page memorandum of law in support of the Motion set forth in chronological detail ConsenSys' efforts to obtain discovery from Plaintiff, and provided caselaw and other legal support for the relief sought.

6. On January 28, 2021, the Court scheduled a telephonic motion hearing for February 3, 2021.

7. I took reasonable steps and spent a reasonable amount of time preparing for the telephonic motion hearing scheduled for February 3.

8. Although I prepared for and attended the February 3 telephonic motion hearing, Plaintiff failed to appear for same. To provide Plaintiff with a final opportunity to avoid the dismissal of his claims, the Court scheduled another telephonic conference for 9:30 a.m. on February 17, 2021.

9. I again took reasonable steps and spent a reasonable amount of time preparing for the telephonic motion hearing scheduled for 9:30 a.m. on February 17, which included reacquainting myself with the facts and legal arguments related to Plaintiff's continual failure to comply with his discovery obligations or to communicate regarding same.

10. Although I prepared for and attended the telephonic motion hearing scheduled for 9:30 a.m. on February 17, Plaintiff again failed to appear for same.

11. Following the conclusion of the telephonic motion hearing scheduled for 9:30 a.m. on February 17, Plaintiff claimed that technical difficulties had prevented him from timely appearing for same, which the Court had scheduled on February 3. The Court then re-scheduled the telephonic motion hearing for later that afternoon.

12. I again took reasonable steps and spent a reasonable amount of time preparing for the telephonic motion hearing that had been re-scheduled solely due to Plaintiff's failure to appear for the telephonic motion hearing scheduled for that morning.

13. I attended the telephonic motion hearing held during the afternoon of February 17, at which time I provided the Court with a synopsis of the facts, ConsenSys' arguments, citations to case law in support of ConsenSys' motion, and responses to Plaintiff's litany of excuses – which he presented for the first time during that conference. At the conclusion of the telephonic motion hearing held during the afternoon of February 17, the Court ordered Plaintiff to meet and confer with the undersigned counsel, and also scheduled a follow-up telephonic motion hearing for February 25, 2021.

14. I took reasonable steps and spent a reasonable amount of time preparing for the telephonic hearing on February 25, and then attended that hearing. At that time, I provided the Court with a detailed accounting of what had and had not transpired since the February 17 telephonic hearing, and submitted oral argument to the Court as to why Plaintiff should be ordered to reimburse ConsenSys' reasonable attorneys' fees in connection with the Motion as a sanction for his failure to comply with his discovery obligations, violation of the October 22, 2020 Order, and refusal to communicate with the undersigned counsel.

15. In preparing the Motion, preparing to attend the four separate telephonic hearings in connection with the Motion, and actually attending each of those four separate telephonic hearings, ConsenSys incurred (and has paid) $16,880 in fees for work performed in January and February 2021. ConsenSys does not seek reimbursement of its attorneys' fees in connection with ancillary matters such as the undersigned counsel's numerous communications (or attempts to communicate) with Plaintiff. Likewise, ConsenSys does not seek reimbursement of its attorneys' fees billed by local counsel on this matter, or of its attorneys' fees billed by DWT partner Laura Sack.

16. ConsenSys does not seek reimbursement for fees incurred in connection with the preparation of this affirmation.

17. Attached as <u>Exhibit A</u> are true and correct copies of DWT's invoices for legal services rendered to ConsenSys in connection with the Motion. These invoices include a daily time record showing time billed by each attorney who worked on the Motion. We have redacted certain entries that are unrelated to the Motion, and for which ConsenSys does not seek reimbursement.

18. DWT is highly regarded nationally in the area of employment law. The firm's New York-based employment attorneys regularly represent clients in federal district courts throughout the country in cases alleging violations of federal, state, and local employment laws.

19. I am Counsel in DWT's New York office and a 2011 George Washington University Law School graduate, with nearly ten years of experience in employment litigation. I have defended employers in numerous federal civil actions alleging discrimination, harassment, and/or retaliation. Moreover, I frequently represent New York-based employers in actions throughout the country; for example, as of the date of this affirmation, I am admitted pro hac vice as substantive counsel in three separate ongoing actions in federal district courts where I am not otherwise admitted to practice law. Attached as Exhibit B is a true and correct copy of my professional qualifications, as summarized on DWT's website.

20. My 2021 billing rate is $630 per hour.

21. My colleague, Laura Sack, is a Partner in DWT's New York office and a 1991 graduate of Yale Law School. She has 30 years of employment litigation experience, including in federal district courts throughout the country. Ms. Sack specializes in representing employers in connection with workplace matters, including defending employers against claims of discrimination, harassment, and retaliation, and representing employers in disputes concerning employment contracts, wage and hour laws, and trade secrets. Ms. Sack is ranked in Chambers USA's 2020 directory as one of the top management-side employment attorneys in New York; Ms. Sack was also elected as a Fellow of the College of Labor and Employment Lawyers. Attached as Exhibit C is a true and correct copy of Ms. Sack's professional qualifications, as summarized on DWT's website.

22. Ms. Sack's 2021 billing rate is $785 per hour.

23. I have represented ConsenSys in three separate employment-related matters since approximately 2017. Ms. Sack has been ConsenSys' regular outside attorney for employment law issues nationwide since 2017. ConsenSys selected DWT to represent it in this case because we have served as its regular outside employment counsel for several years and as such, we are familiar with ConsenSys' operations and personnel policies. Moreover, ConsenSys determined that hiring DWT for this matter would be efficient because Ms. Sack and I investigated the allegations in Plaintiff's 2019 EEOC Charge, prepared ConsenSys' position statement in response to same, and successfully obtained a finding of "No Reasonable Cause." Plainly, DWT's familiarity with both ConsenSys and with Plaintiff's allegations rendered it a reasonable choice to defend ConsenSys against Plaintiff's claims in the instant lawsuit.

24. To ensure that the work was performed efficiently, I performed almost all of the work on the Motion, and was the sole DWT attorney responsible for representing ConsenSys at each of the four telephonic hearings in connection with the Motion. For work performed in January and February 2021, Ms. Sack and I billed a total of 26.4 hours related to the motion: 24.8 by me and 1.6 by Ms. Sack. 16.4 of these hours were spent researching and preparing ConsenSys' moving papers, which included a 13-page memorandum of law and 11 separate exhibits (spanning 90 pages and 24 separate Instagram posts); the remaining 10 hours were spent preparing and strategizing for, and attending, the four separate telephonic conferences held in connection with the Motion.

25. I am informed that the billing rates for DWT are customary and reasonable in the New York City region for employment litigation matters. However, because we appreciate the

fact that hourly rates for legal services in the New York City region may be higher than hourly rates for the same services in the Northern District of Illinois, ConsenSys is amenable to having the Court apply ConsenSys' local counsel's hourly rates, multiplied by DWT's hours billed in connection with the Motion, to calculate the reasonable attorneys' fees that Plaintiff will be ordered to reimburse ConsenSys.

26. Kerry Saltzman is ConsenSys' local counsel in this matter. The hourly rate that ConsenSys has paid for Mr. Saltzman's time worked on this case is $400.

27. Mr. Saltzman's hourly rate of $400 multiplied by the 26.4 hours of work performed by DWT in connection with the Motion (and necessitated by Plaintiff's various failures) equals $10,560. However, ConsenSys is willing to forgo reimbursement of fees stemming from Ms. Sack's 1.6 hours of time spent working on tasks in connection with the Motion. As such, the modified formula would be 24.8 hours of my work performed in connection with the Motion, multiplied by Mr. Saltzman's $400 hourly rate. **<u>Accordingly, we respectfully submit that the Court should order Plaintiff to reimburse ConsenSys for $9,920 of its reasonable attorneys' fees in connection with the Motion</u>**.

28. The hours expended on the Motion were reasonable and necessary. I am familiar with DWT's record-keeping and billing system and am aware of the methods by which DWT tracks attorney time. The firm's invoices show daily entries from each timekeeper with descriptions of the work performed by each professional on each day. Ms. Sack has reviewed all invoices generated by the firm's computerized billing program, makes whatever downward adjustments she deems appropriate, and send them to ConsenSys. The time spent, as reflected in these records, was reasonable and necessary to present the Court with a complete and accurate

account of Plaintiff's many failures, for months on end, to engage in discovery as required by the Court and the Federal Rules of Civil Procedure.

29. The work performed in support of the Motion involved (1) compiling and summarizing for the Court all evidence of Plaintiff's persistent failure to comply with his discovery obligations and Court orders; (2) conducting research on applicable case law (some of which was cited and relied upon in the Court's March 26 Order); (3) preparing ConsenSys' moving papers; (4) preparing for four separate telephonic motion hearings; and (5) attending four separate telephonic motion hearings.

I declare under penalty of perjury that the foregoing is true and correct.

April 2, 2021 /s/ Scott M. Cooper
Date Signature