UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| David Boveri,<br><br>    *Plaintiff*,<br><br>v.<br><br>ConsenSys, Inc.,<br><br>    *Defendant*. | )<br>)<br>)<br>)  Case No. 3:19-cv-50226<br>)<br>)  Magistrate Judge Lisa A. Jensen<br>)<br>)<br>)<br>) |

**ORDER**

    For the reasons stated below, Plaintiff is ordered to pay Defendant a total of $9,920 in attorneys' fees reasonably incurred in connection with the motion to compel. By June 1, 2021, Defendant shall meet and confer with Plaintiff and file a statement reporting whether the parties have agreed on a method for payment for the fees.

**STATEMENT**

    On March 26, 2021, this Court granted Defendant ConsenSys, Inc.'s motion for sanctions pursuant to Federal Rule of Civil Rule 37(a)(5)(A) and (b)(2)(A) and ordered Plaintiff David Boveri to pay Defendant's attorneys' fees for time reasonably spent in connection with a January 27, 2021 motion to compel. *See Boveri v. ConsenSys, Inc.*, No. 19 CV 50226, 2021 WL 1165086 (N.D. Ill. Mar. 26, 2021).[1] On April 2, 2021, Defendant's counsel filed an affirmation detailing the attorney fees incurred in connection with said motion. Dkt. 43. Plaintiff was ordered to respond to the affirmation in support of fees by April 9, 2021 but failed to file a response as ordered. At the status hearing on April 19, 2021, this Court granted Plaintiff one more opportunity to file a response by April 26, 2021. To date, Plaintiff has not responded to Defendant's affirmation in support of fees. On April 27, 2021, Defendant filed a letter pointing out that Plaintiff failed to respond as ordered. Dkt. 48. Plaintiff has also not responded to Defendant's letter.

    Before the Court is Defendant's affirmation seeking reimbursement of $9,920 in attorneys' fees. Dkt. 43. "[A] district court's evaluation of a fee petition is a lodestar analysis; that is, a computation of the reasonable hours expended multiplied by a reasonable hourly rate." *Houston v. C.G. Sec. Servs., Inc.*, 820 F.3d 855, 859 (7th Cir. 2016).

---

[1] This Court follows the logic of other courts in this district, finding that 28 U.S.C. § 636(b)(1)(A) and Rule 72(a) of the Federal Rules of Civil Procedure empower a magistrate judge to order Rule 37 attorney's fees and costs. *See Cage v. Harper*, No. 17-CV-7621, 2020 WL 1248685, at *1 (N.D. Ill. Mar. 16, 2020)*; Sailsbery v. Vill. of Sauk Vill.*, No. 15-CV-10564, 2020 WL 5570091 (N.D. Ill. Sept. 17, 2020); *but see Cahill v. Dart*, No. 13-CV-361, 2016 WL 7034139, at *3 (N.D. Ill. Dec. 2, 2016).

Attorney Scott Cooper performed most of the work on the matter in connection with the motion to compel. He has nearly ten years of experience in employment litigation and practices in the New York City region billing an hourly rate of $630.[2] Mr. Cooper acknowledges that his hourly rate is based on legal services in the New York City region and is "amendable to having the Court apply Consensys' local counsel's hourly rates." Dkt. 43 at 7. Therefore, the Court will evaluate local counsel's hourly rate of $400. Mr. Cooper supports the hourly rate with invoices charging $630 per hour that were submitted to and paid by Defendant. Accordingly, the Court finds the reduced hour rate of $400 per hour reasonable. *See Balcor Real Est. Holdings, Inc. v. Walentas-Phoenix Corp.*, 73 F.3d 150, 153 (7th Cir. 1996) ("[T]he best evidence of the market value of legal services is what people pay for it."); *Pickett v. Sheridan Health Care Ctr.*, 813 F.3d 640, 644 (7th Cir. 2016) (finding $425 per hour rate reasonable in employment case); *Holmstrom v. Metro. Life Ins., Co.*, No. 07-CV-6044, 2011 WL 2149353, at *7 (N.D. Ill. May 31, 2011) (approving $375 per hour for a sixth-year associate).

Defendant seeks reimbursement of fees for 24.8 hours incurred in connection with the motion between January and February 2021.[3] Mr. Scott spent 14.8 hours researching and preparing Defendant's 13-page motion, along with 11 exhibits. Mr. Scott also spent 10 hours preparing for and attending four telephonic conference held in connection with the motion. The Court finds that counsel's work is within the scope of the fees this Court awarded Defendant in connection with the motion to compel and Defendant's uncontested hours, which counsel has reduced, are reasonable. *See Grady v. Affiliated Computer Servs. ACS*, No. 1:13-CV-00342-TWP, 2014 WL 6066049, at *2 (S.D. Ind. Nov. 13, 2014) (finding 21.75 hours spent on motion to compel discovery responses reasonable in employment discrimination case). The Court finds that Defendant has reasonably incurred $9,920 in attorneys' fees, consisting of 24.8 hours multiplied by $400 per hour.

However, this Court also considers Plaintiff's general assertions made at several status hearings that he cannot afford to pay fees. This Court has already determined that an award of fees would not be unjust. *Boveri*, 2021 WL 1165086, at *3. And it is Plaintiff's burden to prove that he cannot afford the sanctions. *See Berry v. Ford Modeling Agency, Inc.*, No. 09-CV-8076, 2011 WL 3648574, at *3 (N.D. Ill. Aug. 18, 2011) (explaining that under Rule 37(b)(2) the burden is on the disobedient party to demonstrate that he cannot afford the sanctions); *Carr v. Tillery*, No. 07-314-DRH, 2010 WL 4781127, at *10 (S.D. Ill. Sept. 20, 2010) (party should explain amount of sanction it is able to pay); *Laye v. Am. Drug Stores, Inc.*, 29 F. App'x 391, 394 (7th Cir. 2002) (finding that it was the sanctioned party's burden to present proof of her inability to pay a sanction). Plaintiff has had since April 2, 2021 to provide this Court with evidence to support his inability to pay the attorney fees at issue. Despite being given this extended period of time, Plaintiff has not responded to the request for fees or otherwise indicated to the Court why he cannot provide this information. Plaintiff is not proceeding *in forma pauperis* and has not provided any sort of financial affidavit to allow the Court to evaluate his indigency. *See Grady v. Affiliated Computer Servs. ACS*, No. 1:13-CV-00342-TWP, 2014 WL 6066049, at *2 (S.D. Ind. Nov. 13, 2014) ("Without further

---

[2] Laura Sack, a partner that also practices in the New York City region, spent 1.6 hours working in a supervisory role in connection with the motion. This Court will not evaluate Ms. Sack's $785 hourly rate because Defendant is willing to forgo reimbursement of her fees. Dkt. 43 at 4.

[3] In addition to foregoing reimbursement for Ms. Sack's fees, Defendant is also foregoing reimbursement of the fees incurred by local counsel. Dkt. 43 at 4.

2

evidence of Plaintiff's inability to pay, the presumption of an award of reasonable fees and expenses pursuant to Rule 37 is not overcome, and thus Plaintiff qualifies for no exception to the Rule 37 mandate to award fees and expenses."); *Oliver v. Tyson Foods, Inc.*, No. 1:11-CV-120, 2012 WL 1906367, at *2 (N.D. Ind. May 25, 2012) ("[I]ndigency alone does not make an award of expenses unjust."); *Burrell v. United Parcel Serv., Inc.*, No. 14-CV-5127, 2016 WL 4720024, at *5 (N.D. Ill. Sept. 8, 2016) (declining to deny costs where the plaintiff failed to "supplement the form with any additional information that she feels would be relevant to the Court's assessment of her ability to pay the requested costs."). Accordingly, Plaintiff is ordered to pay Defendant the total amount of $9,920 for reasonable attorneys' fees.

Date: May 17, 2021        By: _Lisa A. Jensen_
Lisa A. Jensen
United States Magistrate Judge