Exhibit No. 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID BOVERI,<br><br>      Plaintiff,<br><br>v.<br><br>CONSENSYS, INC.,<br><br>      Defendant. | Case No. 19-cv-50226 (IDJ) (LAJ) |

**DECLARATION OF NINA CIBOTTI**

Nina Cibotti declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1.      I am familiar with the facts and circumstances set forth in this declaration based on my personal knowledge and the records and information available to me as Lead People Partner and, before that, as Senior Talent Partner, for ConsenSys, Inc ("ConsenSys"). I make this declaration voluntarily and without the promise of receiving anything in exchange. I understand that it may be used in legal proceedings.

2.      I have worked for ConsenSys since 2018, when I was hired as a Senior Talent Partner, working within human resources. In May 2019, I was promoted to the Senior People Partner role, and since August 2021, I have held the title of Lead People Partner. I have been familiar with ConsenSys' hiring and human resources policies and practices since the start of my employment in 2018.

3. In my role as Lead People Parner, I am responsible for administering and enforcing ConsenSys policies, and handling a broad portfolio of human resources issues.

4. In my prior role, as Senior Talent Partner, I was responsible for ConsenSys' recruiting and hiring efforts and practices.

*Authority to Hire*

5. Based on my knowledge and experience, I am aware that the only ConsenSys employee who may authorize hiring decisions is Joseph Lubin, who is the company's Founder and Chief Executive Officer. That has been the case for the entirety of my employment with ConsenSys, which began in 2018.

*Kel Kanhirun*

6. On or about February 21, 2018, Kel Kanhirun ("Kanhirun") commenced employment with ConsenSys as Software Developer.

7. In that role, Kanhirun was responsible for software development. As a Software Developer, Kanhirun never held any supervisory authority. Specifically, as a Software Developer, Kanhirun was never permitted by ConsenSys to make hiring decisions, promote, terminate, transfer or discipline ConsenSys employees (or interns).

8. Kanhirun also was not, at any time, a member of a ConsenSys hiring committee or any other group vested with the authority to make hiring decisions.

9. Kanhirun also had no authority to grant, deny, or even access or consider requests for accommodation of disabilities.

*Lianna Newman*

10. ConsenSys employed Lianna Newman ("Newman") as a Full Stack Developer from January 2, 2018 until December 6, 2018.

11. As a Full Stack Developer, Newman was not a supervisor: Newman had no authority to hire, promote, terminate, transfer or discipline employees, and had no authority to hire (or rescind an offer to) David Boveri.

12. Newman also had no authority to grant, deny, or even access or consider requests for accommodation. Newman was not a member of ConsenSys human resources, nor was Newman authorized to act on behalf of human resources.

13. At no time did Newman (or any other employee with the title Full Stack Developer) have the authority to evaluate an employee's or candidate's physical or mental restrictions in an effort to determine whether or not the person could perform the essential functions of a particular job.

*Available Positions*

14. ConsenSys lists its available employment opportunities on its publicly accessible website, and has had a practice of doing so during the entirety of my employment with the company.

3

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___August 19___, 2021

DocuSigned by:

*Nina Cibotti*

775BA10A180C4ED...

Nina Cibotti

4