# Exhibit No. 2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID BOVERI,<br><br>             Plaintiff,<br><br>v.<br><br>CONSENSYS, INC.,<br><br>             Defendant. | Case No. 19-cv-50226 (IDJ) (LAJ) |

## DECLARATION OF CHIP JANSEN

Walter "Chip" Jansen declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am familiar with the facts and circumstances set forth in this declaration based on my personal knowledge. I make this declaration voluntarily and without the promise of receiving anything in exchange. I understand that it may be used in legal proceedings.

2. I have worked for ConsenSys, Inc. ("ConsenSys") since April 2018, when I was hired as Solutions Architect, working as part of a team based in Washington, D.C. I am one of the most senior members of the team based in Washington, D.C., and in my role as Solutions Architect, I am familiar with ConsenSys' hiring practices.

3. In 2018, I worked with Lianna Newman ("Newman"), Kel Kanhirun ("Kanhirun"), and eventually David Boveri ("Boveri").

*Kel Kanhirun*

4. As a Software Developer, Kanhirun never held any supervisory authority. Specifically, as a Software Developer, Kanhirun was never permitted by ConsenSys to make hiring decisions, promote, terminate, transfer or discipline ConsenSys employees (or interns).

5. Kanhirun also was not, at any time, a member of a ConsenSys hiring committee or any other group vested with the authority to make hiring decisions.

6. Kanhirun also had no authority to grant, deny, or even access or consider requests for accommodation of disabilities.

*Lianna Newman*

7. As a Full Stack Developer, Newman was not a supervisor: Newman had no authority to hire, promote, terminate, transfer or discipline employees, and had no authority to hire (or rescind an offer to) Boveri.

8. Newman also had no authority to grant, deny, or even access or consider requests for accommodation. Newman was not a member of ConsenSys human resources, nor was Newman authorized to act on behalf of human resources.

9. At no time did Newman (or any other employee with the title Full Stack Developer) have the authority to evaluate an employee's or candidate's physical or mental restrictions in an effort to determine whether or not the person could perform the essential functions of a particular job.

*David Boveri*

10. To my knowledge, ConsenSys never offered Boveri any position other than an internship, and I am not aware of ConsenSys ever having rescinded an offer to Boveri.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 18, 2021

DocuSigned by:

*Walter Bernard Jansen Jr*

Walter "Chip" Jansen

3